**PIGOTT et al. v. POE, Collector of Internal Revenue (two cases).**

Nos. 12576, 12577.

District Court, W. D. Washington, N. D.

Nov. 4, 1929.

Bogle, Bogle & Gates, of Seattle, Wash., for plaintiffs.

Anthony Savage, U. S. Dist. Atty., and Jeffrey Heiman, Asst. U. S. Dist. Atty., both of Seattle, Wash., George G. Witter and John R. Wheeler, Sp. Counsel, Bureau of Internal Revenue, both of Washington, D. C., for defendant.

BOURQUIN, District Judge.

By agreed statements of facts herein, it appears that March 30, 1918, William Pigott and Ada, his wife, filed a joint income tax return for 1917, and July 30, 1920, they filed separate amended or substituted returns, each for one-half of the income of the original aforesaid to conform to community property laws. Within five years after the original return, the Commissioner assessed some $84,000 additional taxes, and the taxpayers filed claims in abatement and appeals. After said five years, and in April, 1923, to prevent threatened distraint, with a local bank they deposited $85,000 Liberty bonds, together with a letter signed by them and the defendant collector, instructing the bank that the deposit was "to protect the Treasury Depart-

274

ment in connection with its claim for additional income tax, penalty and interest on account of income for the year 1917 of William Pigott and Ada Pigott, his wife," and that to that end the bank would hold the bonds in escrow subject to William's order "only upon written release" by defendant.

The claims and appeals resulted in near 50 per cent. reduction, and in February, 1924, the taxes in amount $35,500 were paid.

These actions were commenced in July, 1926, but before trial occurred the Bowers Case, 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, and the Revenue Act of May 29, 1928. It is obvious and conceded that, had these cases been finally determined prior to the act aforesaid, plaintiffs would have recovered, and the only issue is whether said act bars recovery by them now.

Of said act, section 607 (26 USCA § 2607) provides that payment of taxes after the period of limitation (in these cases, five years after return filed) is overpayment to be credited or refunded to the taxpayer; and section 611 (26 USCA § 2611) provides: "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after May 29, 1928) shall not be considered as an overpayment under the provisions of section 2607, relating to payments made after the expiration of the period of limitation on assessment and collection."

It seems clear that the general limitation and right in favor of the taxpayer, by section 607 recognized, is repealed or withheld in the special circumstances in section 611 defined. That is to say, if plaintiff's cases are within section 611, there was no overpayment, and they have no right to recover these taxes by them paid after the period of limitation had expired. And so holds the appellate tribunal in this circuit. See Huntley v. Gile et al. (C. C. A.) 32 F.(2d) 857.

The circumstances which by section 611 defeat recovery are taxes assessed within limitation, claim in abatement, stay and payment after limitation. All of them appear in the instant cases. Following plaintiffs' claim in abatement, to avoid distraint and collection, they agreed with defendant that, in consideration of distraint and collection stayed, they would deposit security for payment of any taxes adjudged due. This agreement was by both performed. Although it does not appear by express words, that this was the agreement and performed is the clear and only reasonable inference from the agreed facts.

The Commissioner's office, records, and acts are not open to question for lack of technical precision and formality, and it is enough that in these cases he and plaintiffs entered into an arrangement which legally as well as morally constrained him to stay collection, as he did.

In so far as recent cases cited by plaintiffs are inconsistent with this conclusion, they relate to different situations, generally where there was no stay. However, Huntley v. Gile, supra, controls here.

Section 611 was to protect the government in respect to taxes due, but collected after limitation had expired. To that end it provides, as on settled principle it rightfully could, that therein the taxpayer is without right to claim overpayment, to plead limitations, to sue the United States directly or indirectly. Hence the statute protects the collector as well as the United States. Protection to the latter depends on protection for the former since judgments against him are paid by it. Section 611 applies to tax collections, past and future. Certainly the collector is within its spirit and letter by clear implication, and protected in respect to past, as in respect to future, collections by him made. Moreover, it is believed that any doubt or ambiguity in section 611 must be resolved against the taxpayer, even as they are when he claims any other exemption. See Bank of Commerce v. State of Tennessee, 161 U. S. 134, 146, 16 S. Ct. 456, 40 L. Ed. 645.

Judgments for defendant.