## STERLING WHOLESALE GROCERY CO. v. UNITED STATES.

### No. 281.

District Court, N. D. Illinois, W. D.

Oct. 16, 1930.

Robert W. Besse, of Sterling, Ill. and E. W. Wallick, of Washington, D. C., for plaintiff.

George E. Q. Johnson, U. S. Atty., of Chicago, Ill., J. W. Hussey, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and J. P. Barnes, Sp. Atty. Bureau of Internal Revenue, of Chicago, Ill., for the United States.

WOODWARD, District Judge.

Plaintiff, by this action, seeks to recover income and excess profits taxes for the year 1918. The plaintiff bases its right of recovery solely on the ground that the taxes were collected after the statutory period of limitation.

The following schedule of important dates is helpful:

June 10, 1919—Tax return filed and amount of tax shown by return paid, viz. $7,315.59.

December 12, 1923—First waiver extending the time for the determination, assessment and collection of the tax to December 12, 1924.

February , 1924—Additional tax, involved in this suit, assessed in the amount of $7,361.26.

April 4, 1924—Claim for abatement of tax, accompanied by surety bond, filed with the Commissioner of Internal Revenue.

February 9, 1925—Second waiver extending the time for the assessment of taxes to December 31, 1925.

December 11, 1925—Third waiver extending the time for the assessment of taxes to December 31, 1926, and an additional time in case of an appeal to the Board of Tax Appeals.

March 4, 1926—Further deficiency tax proposed by letter from the Treasury Department, making total tax assessed and proposed to be assessed $15,333.91.

April 26, 1926—Appeal to the Board of Tax Appeals.

April 12, 1927—Tax liability fixed by the Board of Tax Appeals at $12,564.01, the sum of $2,382.84 being abated.

July 16, 1927—Warrant of distraint served.

July 27, 1927—Tax paid in full.

August , 1927—Claim for refund filed.

May , 1928—Suit commenced.

The correctness of the amount of the assessment is not challenged.

It is contended that the second and third waivers are void and ineffective because entered into after the period prescribed for limitation had expired.

Under section 250(d) of the Revenue Act of 1918 (40 Stat. 1083) the determination, assessment and collection of the tax must have been consummated within five years from the date of the filing of the return. That act contained no provision for any extension beyond five years, either by consent or otherwise. The statute fixed an absolute bar.

However, by section 278 (c) of the Revenue Act of 1924 (26 USCA § 1060), the additional feature of a consent in writing to an extension of time was contained. The question here presented is whether or not that consent must be executed prior to the expiration of a waiver or consent executed within the five-year period. There is a contrariety of opinion upon this question. The Board of Tax Appeals has held that a consent for extension was valid and effective even though entered into after the period of limitation had expired. Joy Floral Co. v. Commissioner of Int. Rev., 7 B. T. A. 800.

The decision of the Board of Tax Appeals was reversed by the Court of Appeals of the District of Columbia in the case of Joy Floral Co. v. Commissioner of Int. Rev., 58 App. D. C. 277, 29 F.(2d) 865. The Court of Claims in the case of Stange v. U. S., 68 Ct. Cl. 395, in a decision rendered November 4, 1929, held in conformity with that of the Board of Tax Appeals.

This court, however, deems the case of Pictorial Printing Co. v. Commissioner of Int. Rev., 38 F.(2d) 563, 565 (C. C. A. 7th Cir. February 28, 1930), of controlling authority in this case. The court, in that case, refer to the decisions of the Board of Tax Appeals and of the Court of Claims and to the decision of the Court of Appeals of the District of Columbia in the Joy Floral Co. Case and to other cases and say:

"For the reasons stated in the said opinion of the Court of Appeals of the District of Columbia, and in the above-cited cases in which it was followed, we are of opinion that the correct rule was there announced, and that the Commissioner takes nothing by a consent first entered into after the limitation had expired."

This court, therefore, holds that the second and third waivers were void and ineffective, and that the taxes were collected after the period of limitation had expired.

Plaintiff, therefore, contends that the payment of the taxes was an overpayment and that it is entitled to recover. The defendant contends that even though the second and third waivers were void and ineffective, the case is controlled by sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611). These sections, so far as pertinent, read as follows:

"Sec. 607. Any tax * * * assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the tax-

payer if claim therefor is filed within the period of limitation for filing such claim.

"Sec. 611. If any internal-revenue tax * * * was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part * * * shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

Defendant contends that this case comes within section 611 (26 USCA § 2611) in that the following conditions are present: (1) An assessment made prior to June 2, 1924, namely, on February , 1924; (2) A claim for abatement with bond was filed on April 4, 1924; and (3) A stay of collection was had. All of these conditions appear in the instant case.

■ There is no controlling authority in this circuit on the question of the meaning and intent of sections 607 and 611 (26 USCA §§ 2607, 2611). The weight of authority, however, in other circuits and in other districts is to the effect that section 607 authorized administrative officials to credit or refund, as an overpayment, taxes paid after the expiration of the statutory period of limitation applicable thereto, without regard to the correctness of the assessment, while section 611 denies the right to a refund or credit in case the conditions therein prescribed are present —such conditions being present in the case now before the court. Extended discussion of the purpose and meaning of sections 607 and 611 (26 USCA §§ 2607, 2611) would, in this connection, be superfluous. This court concurs in the following cases. Huntley v. Gile (C. C. A. 9th Cir.) 32 F.(2d) 857; Wright v. Lucas (D. C. W. D. Ky.) 34 F. (2d) 328; Regla Coal Co. v. Bowers (D. C. S. D. N. Y.) 37 F.(2d) 373; Pigott v. Poe (D. C. W. D. Wash.) 41 F.(2d) 273; American Glue Co. v. U. S. (D. C. Mass.) 42 F. (2d) 235; Reeves v. Anderson, 43 F.(2d) 679 (C. C. A. 2d Cir. Judge L. Hand).

The facts in this case fall within section 611 of the Revenue Act of 1928 (26 USCA § 2611). It must follow that the plaintiff cannot recover. Judgment, therefore, must be entered against the plaintiff and in favor of the defendant.