**Richard R. STENCLIK and Dolores Stenclik, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 1408, Docket 90–4021.**

United States Court of Appeals, Second Circuit.

Argued May 24, 1990.

Decided June 26, 1990.

Basil Tzetzo, Buffalo, N.Y., for petitioners-appellants.

Charles Bricken (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Richard Farber, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for respondent-appellee.

Before VAN GRAAFEILAND, MESKILL and WALKER, Circuit Judges.

WALKER, Circuit Judge:

This appeal comes to us from a ruling by the United States Tax Court (Lawrence A. Wright, *Judge*) that the Internal Revenue Service ("IRS") was not time-barred from assessing in 1988 a deficiency in 1980 federal income taxes due from Richard R. and Dolores Stenclik ("taxpayers"). The sole issue before us is the timeliness of the statutory notice of the 1980 income tax deficiency that was sent to taxpayers in June, 1988. The taxpayers' primary argument is that, although they agreed to an open-ended extension of the limitations period in 1983, that period nonetheless expired by operation of law because the Commissioner of Internal Revenue ("Commissioner") waited an unreasonable length of time before attempting to assess the deficiency.

*Background*

On April 15, 1981, the taxpayers filed a joint federal income tax return for the year 1980 claiming substantial capital loss deductions from their interests in several partnerships. On November 15, 1983, within the three-year period of limitations provided by 26 U.S.C. § 6501(a), the taxpayers and the District Director of Internal Revenue executed a Form 872–A captioned "Special Consent to Extend the Time to Assess Tax." Form 872–A indefinitely extended the three-year period within which the Commissioner could assess a tax deficiency subject to the occurrence of certain events, any of which would operate to terminate the extension in the instant case. The Form 872–A extension provided that the Commissioner could assess additional federal income taxes for the period ending December 31, 1980, on or before the .90th day after:

(a) the Internal Revenue Service office considering the case receives Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872–T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited.

The Form 872–A further provided that the extension would terminate either on the expiration date set forth in the foregoing paragraph or on the date of an earlier assessment representing the IRS's final determination of tax due. The form also contained language particular to this case that limited the scope of any deficiency assessed to adjustments relating to certain specified partnerships.

In May, 1985, the IRS office examining the taxpayers' 1980 return received the last of the audit reports pertaining to the specified partnerships. In February, 1988, the Commissioner proposed a settlement in a letter which the taxpayers disregarded. On June 23, 1988, the Commissioner issued the notice of deficiency to the taxpayers setting forth a 1980 deficiency of $24,526 upon the disallowance of deductions related to two partnerships. There were no other communications between the parties. At no time did either the taxpayers or the Commissioner mail to the other the Form 872–T referenced in their Form 872–A agreement.

The taxpayers timely filed a petition in the Tax Court for redetermination of the deficiency, claiming both that the period for assessment of tax for 1980 had run, and that the Commissioner had substantively erred in disallowing certain deductions. Both sides moved for summary judgment. The taxpayers later conceded the correctness of the amount of the proposed deficiency, but continued to assert that it was time-barred. The Tax Court thereafter ruled that the Commissioner

was not time-barred from assessing the 1980 deficiencies and entered an order upholding the Commissioner's liability determination, from which this appeal was taken.

## Discussion

Taxpayers' principal argument to this Court, as it was in the Tax Court, is that the Form 872–A extension agreement terminated by operation of law upon the expiration of a reasonable time after its execution. They contend that, notwithstanding the express termination provision in Form 872–A, which could have been but was not triggered by the taxpayers' mailing of Form 872–T, the limitations period extension was terminated by operation of law by the Commissioner's "unreasonable delay" of more than three years in issuing the deficiency notice, after he had obtained the relevant audit reports in May, 1985. The taxpayers argue that, without an enforceable 872–A extension, the Commissioner's assessment of tax deficiency is barred by the Internal Revenue Code's three-year statute of limitations. *See* 26 U.S.C. § 6501(a). We disagree.

■ Internal Revenue Code Section 6501(c)(4) provides, in pertinent part:

Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title ... both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon.

Form 872–A plainly constitutes such an agreed-upon extension as contemplated by the statute, and taxpayers do not argue otherwise. The parties to such an extension are free to determine the terms of the extension, *Pursell v. Commissioner,* 38 T.C. 263, 278 (1962), *aff'd per curiam,* 315 F.2d 629 (3d Cir.1963), and the fact that the extension granted by Form 872–A does not expire on a date certain does not undermine its validity under the Code. *McManus v. Commissioner,* 583 F.2d 443, 446 (9th Cir. 1978), *cert. denied,* 440 U.S. 959, 99 S.Ct. 1501, 59 L.Ed.2d 773 (1979).

The Form 872–A extension, although of indefinite duration when executed, by its terms provides a procedure for its termination. In addition to the IRS's mailing of a notice of deficiency or a final determination of tax due, either side, by filing a Form 872–T, can trigger a final ninety-day period within which the Commissioner must act. This procedure for terminating the extended limitations period has advantages for both the IRS and the taxpayer. It eliminates the administrative burden on the IRS of obtaining and monitoring successive fixed-term waivers. It also avoids the possibility that a single indefinite waiver, with either no express termination procedures or only non-specific ones, will be deemed unreasonable by the courts, as well as the burden of litigation on that score. *See, e.g., McManus v. Commissioner,* 65 T.C. 197, 208 (1975), *aff'd,* 583 F.2d 443 (9th Cir.1978); *Pictorial Printing Co. v. Commissioner,* 38 F.2d 563, 565 (7th Cir.1930). The Form 872–T procedure also benefits the taxpayer by allowing him to terminate the extension at will by giving notice, and by eliminating any uncertainty as to the form of such notice.

■ We see no reason to engraft onto the explicit termination mechanisms already in place a provision for termination of the extension after the passage of a "reasonable time". More than sixty years ago in *Greylock Mills v. Commissioner,* 31 F.2d 655 (2d Cir.), *cert. denied,* 280 U.S. 566, 50 S.Ct. 25, 74 L.Ed. 619 (1929), we rejected the argument that an indefinite extension should be construed to permit assessment only within a reasonable time after its execution where the taxpayer sat silent. We stated, "[i]f waivers which are in terms unlimited are to be limited at all, we think they should expire only after the taxpayer gives notice to the Commissioner that he will regard the waiver as at an end after a reasonable time, say three or four months, from the date of such notice." *Id.* at 658. The current Form 872–A procedure is fully consistent with our decision in *Greylock Mills.*

Recent decisions of the Tenth Circuit and a unanimous Tax Court have similarly re-

jected the argument pressed by the taxpayers. *See Wall v. Commissioner*, 875 F.2d 812 (10th Cir.1989); *Estate of Camara v. Commissioner*, 91 T.C. 957 (1988); *see also Kinsey v. Commissioner*, 859 F.2d 1361, 1362–64 (9th Cir.1988), *cert. denied,* ── U.S. ──, 109 S.Ct. 1540, 103 L.Ed.2d 844 (1989) (taxpayers' failure to respond to "30–day letter" from IRS does not trigger termination of Form 872–A, as such agreements generally terminate only by one of the specific means set forth in the form). We do not agree with the taxpayers that these cases are distinguishable on the ground that none involved an unreasonable period of delay on its facts. Under the current Form 872–A procedure the length of delay is irrelevant since it is necessarily acquiesced in by the taxpayer who does not file the Form 872–T to bring the extension period to a close.

The taxpayers' reliance on *McManus v. Commissioner*, 583 F.2d 443, *aff'g,* 65 T.C. 197, is misplaced. To be sure, the Ninth Circuit, although not asked to reach the issue, stated that the Tax Court had held that a Form 872–A agreement would be operative for a reasonable period only. 583 F.2d at 446. But the Tenth Circuit has distinguished *McManus* on the ground that the Form 872–A at issue in that case was an earlier version that did not provide for the use of a specific termination mechanism such as the Form 872–T, but simply required the sending of "written notification" of termination. *See Wall v. Commissioner*, 875 F.2d at 813; *see also Estate of Camara*, 91 T.C. at 960–61 & n. 5. Moreover, the idea of imposing a "reasonable" time limitation under the current Form 872–A is inconsistent with the Ninth Circuit's subsequent decision in *Kinsey, supra,* and the full Tax Court has since unanimously stated that to the extent its decision in *McManus* could be read as requiring a reasonable time limitation under the current Form 872–A, "we will no longer follow it." *Estate of Camara*, 91 T.C. at 962. The taxpayers also point to *Pictorial Printing*, 38 F.2d at 565, which suggested that an indefinite extension would be binding only for a reasonable period. But *Pictorial Printing* is inapposite since the ex-

tension document in that case did not by its terms provide the taxpayer with any means to terminate the agreement. *Id.* at 564. Finally, whatever the law in the Seventh and Ninth Circuits, the rule in this circuit, since *Greylock Mills v. Commissioner, supra,* is that a long delay will not vitiate an indefinite extension absent notice from the taxpayer that he desires to bring the extension to a close.

■ The taxpayers also contend that because of the Commissioner's allegedly unreasonable and unjustifiable delay in issuing the notice of deficiency, he should be barred by the equitable doctrines of estoppel or laches from relying on the Form 872–A extension in this case. These claims are essentially the same as that previously discussed dressed up in equitable garb, and they fare no better. Such claims cannot be sustained in the face of the taxpayers' own failure to act as required by the Form 872–A procedure. Under his Form 872–A agreement with the taxpayers, the Commissioner was entitled to rely on the explicit terms of the agreement allowing him to assess the tax up to ninety days following his receipt of Form 872–T from the taxpayers.

Finally, the taxpayers allege that it was never the intent of the parties that the extension agreement run for an indefinite period, or that the Commissioner somehow misled them regarding the duration of the extension. But the taxpayers have presented no evidence that they signed the Form 872–A—with its clear termination procedures—unwillingly or that both sides intended, or that they understood, anything other than what the plain words of their agreement stated.

The taxpayers cite state-law cases holding that if an agreement is silent as to duration, a court will presume that the parties intended it to run for a reasonable time only. But such cases are of no help to the taxpayers. With its explicit termination procedure, Form 872–A is hardly "silent" as to its duration. Rather, its duration is expressly provided for and is as definite as the taxpayer needs it to be since he is empowered to commence a ninety-day

termination period at any time by filing Form 872–T.

We hold that the Commissioner is not barred by the statute of limitations or other equitable doctrines from assessing the tax deficiency against the taxpayers. As we find taxpayers' other arguments to be without merit, the decision and order of the Tax Court is affirmed in all respects.