# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1019

_____

| | | |
|---|---|---|
| Ross M. Muir, | * | |
| | * | |
| Petitioner, | * | Appeal from the United States |
| | * | Tax Court. |
| v. | * | |
| | * | [UNPUBLISHED] |
| Commissioner of Internal Revenue, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: June 7, 2001
Filed: June 15, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

On his 1980 and 1981 federal tax returns, Ross M. Muir claimed losses arising from an investment in a limited partnership. In 1984 and 1985 he executed Form 872-A, consenting to an extension of the three-year statutory period in which the Commissioner of Internal Revenue ("Commissioner") could assess taxes against him for the 1980 and 1981 tax years, respectively. See 26 U.S.C. §§ 6501(a) (time limit for assessing tax); 6504(c)(4) (Commissioner and taxpayer may agree to extend normal limitations period). Form 872-A provided that the extension agreement would be terminated when either Muir or the Commissioner executed a notice of termination (Form 872-T), or when the Commissioner mailed Muir a notice of deficiency. In 1988

the Commissioner issued Muir a notice of deficiency, disallowing the claimed partnership losses. Muir then petitioned the tax court, challenging the assessment and the rate of interest payable on the alleged underpayment of tax in 1980, and contending that the notice of deficiency was time-barred. The tax court[1] rejected his arguments and he appeals. We affirm.

On appeal, Muir renews his argument that the statutory period for assessment had expired. Having carefully reviewed the record and the parties' briefs, see Campbell v. Commissioner, 164 F.3d 1140, 1142 (8th Cir.) (standard of review), cert. denied, 526 U.S. 1117 (1999), we agree with the tax court that the notice of deficiency was not time-barred, because the Form 872-A extension was a valid agreement and the statutory period of limitations did not expire by operation of law. See Stenclik v. Commissioner, 907 F.2d 25, 27-29 (2d Cir.) (Form 872-A constitutes agreed-upon extension as contemplated by § 6501(c)(4), and fact that extension granted by Form 872-A does not expire on date certain does not undermine its validity; Form 872-A is hardly silent as to duration, which is expressly provided for and is as definite as taxpayer needs it to be since he is empowered to commence termination period at any time by filing Form 872-T), cert. denied, 498 U.S. 984 (1990).

We also reject Muir's argument that the Commissioner unreasonably delayed enforcement of the deficiency: Muir had the power to terminate the extension and commence assessment at any time, to limit the accumulation of interest, and to settle his case with the Commissioner while the matter was pending before the tax court. See Stenclik, 907 F.2d at 28 (rejecting taxpayer's claim that Commissioner unreasonably and unjustifiably delayed issuing notice of deficiency, because Commissioner was entitled to rely on explicit terms of Form 872-A agreement for termination and assessment).

---

[1]The Honorable Carolyn Miller Parr, United States Tax Court Judge.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.