T.C. Memo. 2003-255


UNITED STATES TAX COURT


LINDA M. WEILER, a.k.a. LINDA M. KRUPNICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ROBERT J. WEILER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 5322-00, 5728-00.       Filed August 25, 2003.


Linda M. Weiler, pro se.

Robert J. Weiler, pro se.

<u>Steven M. Roth</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


VASQUEZ, <u>Judge</u>:  Respondent determined a $4,428 deficiency
in and an $885.60 penalty pursuant to section 6662(a)[1] on

---

[1]  Unless otherwise indicated, all section references are to
(continued...)

petitioners' 1995 Federal income taxes.  Respondent also determined that neither petitioner qualified for relief from joint and several liability pursuant to section 6015(b), (c), or (f).  After concessions,[2] the issue for decision is each petitioner's entitlement to relief from joint and several liability pursuant to section 6015(b) and (c) for 1995.[3]

                          FINDINGS OF FACT

     Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed the petitions, petitioners both resided in Westlake Village, California.

     Sometime before 1990, petitioners married.  Petitioners filed joint income tax returns every year they were married. During the last half of 1994 and all of 1995, petitioners lived apart.

_____

     [1](...continued)
the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

     [2]  Petitioners concede the adjustments determined in the notice of deficiency.  Respondent and petitioners have made concessions regarding petitioners' entitlement to relief pursuant to sec. 6015(b) and (c).  For purposes of clarity, those concessions are discussed infra.

     [3]  In their petitions, petitioners sought relief pursuant to sec. 6015(b) and (c).  Accordingly, sec. 6015(f) is not in issue.

As of the time of trial, Linda M. Weiler (Ms. Weiler) had been in the aerobics and fitness business for approximately 18 years. During 1995, Ms. Weiler was an aerobics and fitness instructor. Ms. Weiler worked several jobs at the Westlake Sporthouse (Sporthouse)--some were as an employee; others were as an independent contractor. During 1995, Ms. Weiler received $22,485 of income from Sporthouse. Sporthouse reported $8,420 of Ms. Weiler's income on a Form W-2, Wage and Tax Statement, and $14,065 on a Form 1099-MISC, Miscellaneous Income. During 1995, Ms. Weiler also worked at other gyms teaching classes.

In early 1996, when he was assembling the information to have their 1995 joint Federal income tax return (1995 return) prepared, Robert J. Weiler (Mr. Weiler) asked Ms. Weiler for the information she had regarding her income and expenses. Ms. Weiler gave Mr. Weiler her Forms W-2 from Fitness '90 and Sporthouse. Ms. Weiler did not give Mr. Weiler the Form 1099 from Sporthouse. In prior years, Ms. Weiler had given Mr. Weiler all of her Forms W-2 and Forms 1099, and the income on those forms was reported on their tax returns.

Ms. Weiler also indicated to Mr. Weiler that she had $1,250 of income from private lessons. Ms. Weiler gave Mr. Weiler documents associated with the expenses incurred in connection with her aerobic and fitness business.

Ragnar Storm-Larsen, Mr. Weiler's accountant, prepared the

1995 return. Mr. Weiler listed his occupation as "outside sales", and Ms. Weiler listed her occupation as "self employed". Both petitioners signed the 1995 return.

On the 1995 return, petitioners reported their Form W-2 income. On Schedule C, Profit or Loss From Business, petitioners claimed a $7,796 loss associated with an aerobic and fitness business. Mr. Weiler's name and Social Security number were on the Schedule C.[4] The loss was made up of $1,250 in gross receipts and $9,046 of total expenses. Petitioners, on Schedule A, Itemized Deductions, claimed $20,957 of unreimbursed employee expenses related to Mr. Weiler's business. Petitioners did not report any self-employment tax due or claim a self-employment tax deduction. Petitioners reported $122 of alternative minimum tax due.

Petitioners did not report the $14,065 of Form 1099 income paid to Ms. Weiler by Sporthouse. In early 1996, Ms. Weiler was aware of the Form 1099. Before the audit of their 1995 tax year in 1998, Mr. Weiler was unaware of Ms. Weiler's $14,065 of additional income from Sporthouse. Around the time of the audit, Ms. Weiler stated to Mr. Weiler that she had forgotten to tell him about it. Ms. Weiler never took any steps to amend the 1995

---

[4] Mr. Weiler was not engaged in an aerobic and fitness business in 1995.

return to include the Form 1099 income she received from Sporthouse.

On January 5, 1997, petitioners' divorce became final.

Respondent mailed each petitioner a notice of deficiency for 1995 and a notice of determination concerning relief from joint and several liability under section 6015 (notice of determination).

In the notice of deficiency, respondent determined the following adjustments: (1) Disallowance of a $7,796 Schedule C loss of Mr. Weiler, (2) an increase of $15,315 in Schedule C gross receipts of Ms. Weiler, (3) allowance of $9,046 in Schedule C expenses for Ms. Weiler, (4) an increase of $886 in self-employment tax, (5) allowance of a $443 deduction for self-employment tax, (6) disallowance of $4,841 in itemized deductions (unreimbursed employee expenses) of Mr. Weiler, (7) an increase of $2 in alternative minimum tax, and (8) an $885.60 section 6662 penalty.

In the notice of determination, respondent determined that neither petitioner qualified for relief from joint and several liability pursuant to section 6015(b), (c), or (f) for 1995.

                              OPINION

This is a messy and somewhat convoluted case. Essentially, however, the case boils down to the following: (1) Mr. Weiler seeks relief pursuant to section 6015(b) and (c) from the items

in the notice of deficiency attributable or allocable to Ms. Weiler, (2) Mr. Weiler seeks relief from the penalties and interest on the items in the notice of deficiency attributable or allocable to himself, and (3) Ms. Weiler seeks relief pursuant to section 6015(b) and (c) from all the items in the notice of deficiency.

In general, spouses filing joint Federal income tax returns are jointly and severally liable for all taxes due. Sec. 6013(d)(3). Under certain circumstances, however, section 6015 provides relief from this general rule.

At trial, respondent initially claimed that neither petitioner was entitled to relief pursuant to section 6015(b) but conceded that each petitioner was entitled to relief from liability associated with certain items pursuant to section 6015(c). After initial statements by both petitioners, however, respondent withdrew his concession that petitioners were entitled to relief pursuant to section 6015(c). Respondent stated that he wished to hear the testimony of petitioners before conceding that petitioners were entitled to relief pursuant to section 6015(c).

A. Additional Schedule C Income of $14,065

Respondent increased petitioners' Schedule C income by $14,065.[5] Respondent recharacterized the Schedule C income as

_____

[5] At trial respondent noted that the $1,250 in gross receipts reported on Schedule C of the 1995 return is not an
(continued...)

Ms. Weiler's income (instead of Mr. Weiler's income). Accordingly, respondent disallowed the Schedule C loss to Mr. Weiler and allowed in full to Ms. Weiler the expenses claimed on the Schedule C (altogether, the $14,065 adjustment). The $14,065 adjustment is attributable and allocable to Ms. Weiler. Respondent concedes, and we agree, that Mr. Weiler is relieved from liability for tax and penalties attributable or allocable to the $14,065 adjustment. Sec. 6015(b) and (c).

We note that the term "tax" in section 6015(b)(1) and (2) is not limited to any particular type of tax or portion of the Internal Revenue Code; however, to be an "understatement" of tax it has to be a tax required to be shown on the tax return. Secs. 6015(b)(3), 6662(d)(2)(A). Alternative minimum tax and self-employment tax are reported on Form 1040, U.S. Individual Income Tax Return.

Additionally, section 6015(c) provides relief from liability for a "deficiency". Alternative minimum tax and self-employment tax are income taxes imposed by subtitle A. Secs. 55, 1401. Accordingly, alternative minimum tax and self-employment tax are types of tax included in the definition of a deficiency. Sec.

---

[5](...continued)
adjustment determined in the notice of deficiency. Petitioners agree that this $1,250 is not in dispute. Ms. Weiler does not dispute that she earned the $1,250 of gross receipts reported on the 1995 return in addition to the $14,065 listed on the Form 1099 from Sporthouse.

6211(a); see also sec. 6015(d)(2)(B) (discussing section 55 with regard to the allocation of a deficiency for purposes of section 6015(c)). Therefore, we conclude that Mr. Weiler is relieved from liability for the income (section 1) tax, self-employment tax, and alternative minimum tax attributable or allocable to the $14,065 adjustment.

Respondent's concession, however, does not address whether Mr. Weiler is relieved from the interest attributable or allocable to the $14,065 adjustment. Section 6015(b) clearly provides relief from liability for interest attributable to an understatement from which the taxpayer is entitled to relief pursuant to section 6015(b). Accordingly, we conclude that Mr. Weiler is relieved from liability for the interest attributable to the $14,065 adjustment.

Ms. Weiler also seeks relief pursuant to section 6015(b) and (c) from liability for tax, penalties, interest, and other amounts attributable or allocable to the $14,065 adjustment. We conclude that Ms. Weiler is not relieved from liability for tax, penalties, interest, and other amounts attributable or allocable to the $14,065 adjustment because it was her income.[6] Sec.

---

[6] The Senate report discussing the allocation rule in sec. 6015(d)(3)(B) states: "In general, apportionment of items of income are expected to follow the source of the income. * * * Business * * * income * * * is allocated in the same proportion as the ownership of the business * * * that produces the income." S. Rept. 105-174, at 57 (1998), 1998-3 C.B. 537, 593. The

(continued...)

6015(b), (c), and (d); <u>Hopkins v. Commissioner</u>, 121 T.C. ___ (2003).

B.    <u>Disallowed Schedule A Deductions of $4,841</u>

Respondent also increased petitioners' income by $4,841 (associated with the disallowance of some of Mr. Weiler's unreimbursed employee expenses) (the $4,841 adjustment).  The $4,841 adjustment is attributable and allocable to Mr. Weiler. Respondent concedes, and we agree, that Ms. Weiler is relieved from liability for tax (including alternative minimum tax) and penalties attributable or allocable to the $4,841 adjustment. Sec. 6015(b) and (c).

Respondent's concession, again, does not address whether Ms. Weiler is relieved from the interest attributable or allocable to the $4,841 adjustment.  For the reasons stated <u>supra</u>, we conclude that Ms. Weiler is relieved from liability for the interest attributable to the $4,841 adjustment.

Mr. Weiler seeks to be relieved from the penalties and interest associated with the $4,841 adjustment.[7]  We conclude

_____

[6](...continued)
business that produced the $14,065 adjustment was Ms. Weiler's. Accordingly, the income associated with this business is allocable to her.

[7]  Mr. Weiler concedes that he owes the money associated with the disallowance of some of his unreimbursed employee expenses.  We construe this concession to mean that Mr. Weiler agrees that he is liable for the taxes attributable or allocable to the $4,841 adjustment.  We note that the exception contained
                                                   (continued...)

that Mr. Weiler is not relieved from liability for penalties and interest attributable or allocable to the $4,841 adjustment because it resulted from the disallowance of his expenses. Sec. 6015(b), (c), and (d); Hopkins v. Commissioner, supra.

C.    Underlying Liability for the Penalty and Interest Abatement

In the stipulation of facts, Mr. Weiler conceded the adjustments determined in the notice of deficiency. Therefore, we do not construe his request that the penalty be waived to be a challenge to the merits of his underlying liability for the penalty. Accordingly, this is not in issue.

Mr. Weiler's contention that the interest attributable to the $4,841 adjustment should be abated is broad enough to be considered a request for interest abatement pursuant to section 6404. The concession in the stipulation of facts regarding the adjustments determined in the notice of deficiency can be read as not including the issue of interest abatement. For the sake of completeness, we shall address this issue.

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The question of

---

[7](...continued)
in sec. 6015(d)(3)(B) does not apply because Mr. Weiler had sufficient income to offset the disallowed deduction. See Hopkins v. Commissioner, 121 T.C. ___ (2003)

the Court's jurisdiction is fundamental and must be addressed when raised by a party or on the Court's own motion.  Id. at 530.

Consistent with section 6404(h)(1), the Court's jurisdiction over interest abatement cases depends on a valid notice of final determination and a timely filed petition for review.  See Rule 280(b); Gati v. Commissioner, 113 T.C. 132, 134 (1999).  But cf. Katz v. Commissioner, 115 T.C. 329, 340-341 (2000).  The Court does not have jurisdiction to decide whether the Commissioner's failure to abate interest under section 6404 constitutes an abuse of discretion unless or until the Commissioner has made a "final determination" not to abate interest.  Bourekis v. Commissioner, 110 T.C. 20, 25-26 (1998); Sigel v. Commissioner, T.C. Memo. 2001-138.

The record does not indicate that Mr. Weiler submitted a request for interest abatement or that respondent made a final determination denying a request for interest abatement. Accordingly, we conclude that the Court lacks jurisdiction under section 6404(h) to decide this issue.[8]

---

[8]  This is so regardless of whether Mr. Weiler raised this issue in a petition from the notice of deficiency or the notice of determination.  See Block v. Commissioner, 120 T.C. 62, 68 (2003) (in a "stand alone" case brought pursuant to sec. 6015(e) our jurisdiction is limited to reviewing the Commissioner's denial of relief from an existing joint and several tax liability under subsecs. (b), (c), and (f) of sec. 6015); Muir v. Commissioner, T.C. Memo. 2000-304 n.2 (in the deficiency context, consideration of a taxpayer's request for abatement of interest is premature as there has been no assessment of interest), affd.
(continued...)

D.    Rule 155 Computation

Where we file or state our opinion, we may withhold entry of decision for the purpose of permitting the parties to submit computations pursuant to our determination of the issues, showing the correct amount of deficiency, liability, or overpayment to be entered as the decision.  Rules 155(a), 320(a) (except as otherwise provided, the other Rules of Practice and Procedure, to the extent pertinent, are applicable to actions for the determination of relief from joint and several liability pursuant to section 6015).

We recognize that the amount of relief from liability each petitioner is entitled to, and therefore each petitioner's ultimate liability, may be different under section 6015(b) and (c).  We leave it to the parties to compute the amount of relief from liability each petitioner is entitled to under section 6015(b) and (c).  Given the remedial nature of section 6015, we expect that the parties will submit the computation for an entry of a decision that is most beneficial to each petitioner (i.e., the one that relieves each petitioner from the largest total amount).  See Cheshire v. Commissioner, 115 T.C. 183, 188-189 (2000), affd. 282 F.3d 326 (5th Cir. 2002); H. Conf. Rept. 105-599, at 249-255 (1998), 1998-3 C.B. 747, 1003-1009.

---

[8](...continued)
11 Fed. Appx. 701 (8th Cir. 2001).

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.