T.C. Summary Opinion 2008-27

UNITED STATES TAX COURT

DEMPSIE WORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22104-05S.          Filed March 11, 2008.

Dempsie Word, pro se.

<u>G. Chad Barton</u>, for respondent.

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

this opinion shall not be treated as precedent for any other case. After concessions by the parties, the issue for decision is whether the Court has jurisdiction to determine whether petitioner is liable for interest on the amount of tax owed.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Arkansas.

Petitioner, Dempsie Word, and his then wife Mae E. Word timely filed a joint income tax return for 1996. The return reflected tax due of zero, income tax withholding of $1,052, an earned income credit of $2,447, and an overpayment of $3,499.

On March 31, 1997, respondent issued petitioner and Mae E. Word a refund of $3,499. On January 13, 1999, respondent issued petitioner and Mae E. Word a notice of deficiency for 1996 determining a deficiency in income tax of $3,983.

On July 15, 2004, petitioner timely filed a Form 8857, Request for Innocent Spouse Relief, for 1996. Respondent issued a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015 granting petitioner partial relief pursuant to section 6015(c). Petitioner filed his petition in response to the notice. Petitioner requested relief of $3,983 but was granted relief of

only $1,350, leaving a remaining tax of $2,633.  The remaining amount does not include the interest and penalties that had been assessed or accrued.

The deficiency of $3,983 is attributable to a disallowed earned income credit of $2,447, a $1,536 deficiency attributable to Mae E. Word's unreported wages of $4,960, unreported gambling income of $3,400, and petitioner's unreported pension income of $1,149.  The parties agree that petitioner is entitled to relief of only $1,350 pursuant to section 6015(c).  After application of section 6015(c), petitioner is liable for $2,404 in income tax for 1996.[2]  Further, after applying section 6015(c), respondent has conceded that there is no addition to tax pursuant to section 6651(a)(2).

### Discussion

In general, spouses filing joint Federal income tax returns are jointly and severally liable for all taxes due.  Sec. 6013(d)(3).  Under certain circumstances, however, section 6015 provides relief from this general rule.  Respondent has granted partial relief pursuant to section 6015(c).  Petitioner remains liable for the tax attributable to the disallowed earned income credit and the unreported pension income and for the interest thereon.  See Weiler v. Commissioner, T.C. Memo. 2003-255.

---

[2]  Petitioner had $229 of income tax withheld from his pension.

Petitioner contends that the interest attributable to the $2,404 tax he owes should be abated. Petitioner's claim is broad enough to be considered a request for interest abatement pursuant to section 6404.

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party or on the Court's own motion. Id. at 530.

Consistent with section 6404(h)(1), the Court's jurisdiction over interest abatement cases depends on a valid notice of final determination and a timely filed petition for review. See Rule 280(b); Gati v. Commissioner, 113 T.C. 132, 134 (1999). But cf. Katz v. Commissioner, 115 T.C. 329, 340-341 (2000). The Court does not have jurisdiction to decide whether the Commissioner's failure to abate interest under section 6404 constitutes an abuse of discretion unless or until the Commissioner has made a "final determination" not to abate interest. Bourekis v. Commissioner, 110 T.C. 20, 25-26 (1998); Sigel v. Commissioner, T.C. Memo. 2001-138. The Court does not have jurisdiction regardless of whether the innocent spouse claim was raised in a "stand-alone" case or in a deficiency proceeding.

Petitioner did not submit a request for interest abatement, and respondent did not make a "determination" not to abate

interest.  Accordingly, we conclude that the Court lacks jurisdiction pursuant to section 6404(h) to decide this issue.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.