JONATHAN AND MONICA PODELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Podell v. Commissioner
Docket No. 5450-85.
United States Tax Court
T.C. Memo 1987-22; 1987 Tax Ct. Memo LEXIS 22; 52 T.C.M. (CCH) 1364; T.C.M. (RIA) 87022; January 12, 1987. William L. Mander, for the petitioners. Frank Agostino and Will E. McLeod, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion *23 For Partial Summary Judgment, pursuant to Rule 121, [1] filed on March 18, 1986. The motion was calendared for hearing at the Motions Session in Washington, D.C. on April 30, 1986. On April 17, 1986, petitioners filed an objection to respondent's motion which contained a cross-motion for summary judgment and a written statement pursuant to Rule 50(c). The case was called from the calendar at the Motions Session on April 30, 1986. Counsel for respondent appeared and was heard. The present motions raise the single issue whether a subsequent Form 872 pertaining to the taxable year 1977 executed by petitioners and respondent and extending the statute of limitations for assessment and collection to June 30, 1983, terminates an earlier Form 872-A executed by petitioners and respondent and indefinitely extending the statute of limitations for the same taxable year. Respondent, in his notice of deficiency mailed December 19, 1984, determined a deficiency in petitioners' Federal income *24 tax for the taxable year 1977 in the amount of $2,406.00. Petitioners filed a timely petition on March 11, 1985, and raised as an issue whether the notice of deficiency was timely. Petitioners alleged that the statute of limitations on assessment had expired prior to respondent mailing the notice of deficiency. Respondent filed an Answer on May 13, 1985, setting forth his defense to the allegation that the statute of limitations bars the assessment and collection of the deficiency in Federal income tax for 1977. None of the relevant facts are in dispute. Petitioners resided at 405 E. 56th Street, New York, New York throughout 1977 and at the time they filed their petition in this case. Petitioners filed their joint U.S. Individual Income Tax Return for 1977 with the Brookhaven Service Center. During the course of the examination of their 1977 joint income tax return, petitioners and respondent executed on January 31, 1981 and February 4, 1981, respectively, a Form 872-A, Special Consent to Extend the Time to Assess Tax. There is no dispute that the Form 872-A was executed while the statute of limitations for the 1977 taxable year was still open. The agreement provides in pertinent *25 part as follows: (1) The amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1977, may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s). However, if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. On March 2, 1981 and March 25, 1981, petitioners and respondent, respectively, executed a Form 872, Consent to Extend the Time to Assess Tax, extending the time for assessment of tax for the 1977 taxable year to June 30, 1982. *26 Again, on May 4, 1982 and June 15, 1982, petitioners and respondent, respectively, executed a Form 872, Consent to Extend the Time to Assess Tax, extending the time for assessment of tax for the taxable year 1977 to June 30, 1983. Petitioners did not execute a Form 872-T with respect to 1977 nor did respondent. Clearly, if petitioners are correct and the subsequent Forms 872 terminate the earlier executed Form 872-A, then the notice of deficiency is untimely. However, if respondent is correct, the subsequent Forms 872 are of no legal effect and do not terminate the Form 872-A indefinitely extending the statute of limitations for the 1977 taxable year. As a general rule, a deficiency in income tax shall be assessed within three years after a return is filed. Sec. 6501(a). An exception to this general rule is found in section 6501(c)(4). Under the terms of this section, the Secretary and the taxpayer may consent in writing to extend the statute of limitations for the assessment and collection of tax prior to the expiration of the three-year period provided by section 6501(a). The statute of limitations may be further extended by subsequent agreements in writing made within *27 the period previously agreed upon. Sec. 6501(c)(4); sec. 301.6501(c)-1(d), Proced. & Admin. Regs. The above section "refers only to time, and leaves the parties free to decide for themselves the terms on which an extension will be granted". Pursell v. Commissioner,38 T.C. 263, 278 (1962), affd. per curiam 315 F.2d 629 (3d Cir. 1963). Extensions of the statute of limitations on assessments for an indefinite time, which either party may terminate upon proper notification, have been repeatedly sanctioned by this Court. See, e.g., Winn v. Commissioner,67 T.C. 499, 507-509 (1976), affd. in part and revd. in part 595 F.2d 1060 (5th Cir. 1979); McManus v. Commissioner,65 T.C. 197, 207-208 (1975), affd. 583 F.2d 443 (9th Cir. 1978). A consent to extend the period for assessment of an income tax is essentially a unilateral waiver of a defense by a taxpayer and is not a contract. Piarulle v. Commissioner,80 T.C. 1035, 1042 (1983); Tallal v. Commissioner,77 T.C. 1291, 1294 (1981). Contract principles are significant, however, because section 6501(c)(4) requires *28 that the parties reach a written agreement as to the extension. Piarulle v. Commissioner,80 T.C. at 1042. Here, the parties reached an agreement and properly executed a Form 872-A extending the statute of limitations for the assessment and collection of tax for the 1977 taxable year for an indefinite time. Under the clear terms of the agreement, as set forth in our findings, this extension could be terminated unilaterally by either petitioners' or respondent's executing and mailing a Form 872-T. The Form 872-A also clearly states that extension of the statute of limitations could also be terminated by respondent's mailing a statutory notice of deficiency to petitioners. We find that Grunwald v. Commissioner,86 T.C. 85 (1986), is controlling and dispositive of the issue raised here. As this Court stated in Grunwald,86 T.C. at 89: Form 872-T explicitly informs the named taxpayers or the IRS, as the case may be, of the following things: the intent to terminate the period of limitations on assessment of the kind of tax and for the tax period(s) indicated in the notice. A valid statutory notice of deficiency under section *29 6212 has the same effect. Here, the subsequent Forms 872 executed by petitioners and respondent do none of the above.In fact, in this situation they have no legal effect. "A deal is after all a deal, and fairness dictates that both parties adhere to the provisions of the document they both voluntarily signed." Grunwald v. Commissioner,supra at 89. Therefore, the parties are bound by the terms of the Form 872-A. Petitioners contend that respondent intended to terminate the Form 872-A by executing the subsequent Forms 872. Petitioners make an unfounded assumption and the facts point to the opposite conclusion. Respondent's Newark District Office solicited the Form 872-A while respondent's Manhattan District Office solicited the subsequent Forms 872. The clear implication is that the Manhattan District Office did not know that the Newark District Office had obtained an executed Form 872-A. In any event, the methods for revoking a Form 872-A are clearly and unambiguously set out in the form itself. [2]
*30 We hold that that neither the first nor the second Form 872 extending the statutory period of assessment to June 30, 1983 terminated the Form 872-A. Further, neither respondent nor petitioners executed and mailed a Form 872-T. Therefore, the Form 872-A extending the statute of limitations for the taxable year in issue was terminated by the mailing of the notice of deficiency to petitioners on December 19, 1984 and the statute of limitations does not bar the assessment of the income tax for the 1977 year. Respondent's motion for partial summary judgment is granted and petitioners' cross-motion for summary judgment is denied. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The cases petitioners rely upon in support of their argument were all decided prior to respondent's revision of Form 872-A to clarify the methods of terminating a Form 872-A and are therefore inapposite.↩