William A. KERNEN, Betty A. Kernen, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 89–70093.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 1990.

Decided May 3, 1990.

Thomas H. McPeters, McPeters, McAlearney & Shimoff, Redlands, Cal., for petitioners-appellants.

Brian C. Griffin, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

the letters A through R.

Before NELSON, NORRIS and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

In connection with their 1977 tax return, William and Betty Kernen executed three forms extending the limitations period for assessment of deficiencies by the IRS. In November 1980, the Kernens executed a Form 872, which extended the limitations period to December 31, 1981. In December 1980, the Kernens executed a Form 872–A, which extended indefinitely the limitations period for adjustments by the IRS. Finally, in May 1981, the Kernens signed a second Form 872, which provided for extension of the limitations period until April 30, 1983.

On September 9, 1986, the Commissioner issued to the Kernens a statutory notice of deficiency for 1977. The Kernens filed a petition in the tax court, asserting, in part, that the issuance of the notice was barred by the statute of limitations. The tax court ruled that execution of the second Form 872 did not terminate the waiver consented to in Form 872–A, and that, consequently, the statute of limitations did not bar the assessment of additional income tax.[1]

Form 872–A specifically provides for termination of the indefinite extension in three ways: The IRS may assess a deficiency up to ninety days after (1) the IRS receives a Form 872–T from the taxpayer, (2) the IRS mails Form 872–T to the taxpayer, or (3) the IRS mails a notice of deficiency to the taxpayer.

The Kernens did not execute a Form 872–T; rather, the Kernens contend that the second Form 872 terminated the Form 872–A agreement. We have previously refused to recognize alternative methods for terminating Form 872–A beyond those specifically listed in the form. See Kinsey v. Commissioner, 859 F.2d 1361, 1363 (9th Cir.1988) (failure to respond to a "30-day letter" did not terminate Form 872–A waiver); Tapper v. Commissioner, 766 F.2d 401, 404 (9th Cir.1985) (taxpayer's letter to IRS did not terminate extension). More-

over, in a case almost identical to this one, the tax court held that because execution of Form 872 was not among the prescribed termination methods, it had no legal effect. See Podell v. Commissioner, 52 T.C.M. (CCH) 1364 (1987).

As our court stated in Kinsey, "policy considerations support a requirement that a Form 872–A waiver can be terminated by a taxpayer only by use of a Form 872–T." 859 F.2d at 1364. The IRS must use specific forms for particular purposes because it receives millions of communications from taxpayers every year. See Tapper, 766 F.2d at 404. Accordingly, we agree with the court in Podell and the court below that the subsequent execution of a Form 872 does not terminate a Form 872–A extension.

AFFIRMED.

---

1. Upon joint motion of the parties, the tax court entered an order and decision on December 9,

1988. Our jurisdiction rests on 26 U.S.C. § 7482(a).