RICHARD H. O'HARREN and BETTY O'HARREN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Harren v. Commissioner
Docket No. 29970-86
United States Tax Court
T.C. Memo 1990-332; 1990 Tax Ct. Memo LEXIS 350; 60 T.C.M. (CCH) 20; T.C.M. (RIA) 90332; July 2, 1990, Filed *350 Decision will be entered for the respondent. Lawrence J. Kaplan, for the petitioners. Sylvia L. Shaughnessy, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION Respondent determined deficiencies in, and additions to, petitioners' Federal income taxes in the following amounts: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6659
1979
$ 10,396.00
$   519.81
--
$ 3,119.00
1980
4,211.00
210.56
--
1,263.00
1981
25,626.00
1,281.00
*
7,688.00
1982
3,557.68
177.88
*
1,067.30
*351 The sole issue for decision is whether petitioners effectively terminated their consent to extend the period of time for the assessment of taxes by sending a Form 872-T to the proper Internal Revenue Service office. If so, the determined deficiencies and additions to tax are barred by the 3-year statute of limitations prescribed by section 6501(a). If we find that the assessment thereof is not barred by the statute of limitations, the parties have agreed to the amounts of the deficiencies and additions to tax. All of the facts have been stipulated, and the stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners were legal residents of Escondido, California, when they filed their petition in this case. They timelyfiled *352 their joint Federal income tax return for 1982. On their return, petitioners claimed, among other items, deductions and investment tax credit (ITC) for their investment in American Marketing Company's master recording leasing program. They carried back some of the ITC to their 1979, 1980, and 1981 income tax returns. Petitioners' 1982 return was selected by the Internal Revenue Service's Examination Division in Laguna Niguel, California, for audit. In September 1985, the District Director in Laguna Niguel wrote petitioners a letter informing them that the period during which the law would permit assessment of any tax due for 1982 would soon expire and requesting them to execute a Form 872-A, Special Consent to Extend the Time to Assess Tax, for that year. Petitioners executed the Form 872-A and mailed it back to the District Director at his Laguna Niguel office, where it was signed by his authorized representative on October 22, 1985. The executed Form 872-A contained the following terms: Richard H. OHarren & Betty OHarren Taxpayer(s) of 781 Gretna Green Way Escondido, CA 92025 and the District Director of Internal Revenue or Regional Director of Appeals consentand agree *353 to the following:
(1) The amount of any Federal income tax due on any returns(s) made by or for the above taxpayer(s) for the period ended December 31, 1982, may be assessed on or before the 90th (ninetieth) day after: (A) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s), or (B) the Internal Revenue Service mails Form 872-T to the taxpayer(s), or (C) the Internal Revenue Service mails a notice of deficiency for such period(s), except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. * * *
On November 30, 1985, petitioners by certified mail sent an envelope that they claim contained a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, to "Fresno, Calif. 93888." The return receipt shows that the envelope was addressed to "Internal Revenue Service," while the receipt for certified mail retained by petitioners showsthe envelope *354 was addressed to "Dist. Dir., Internal Revenue Serv., Attn: Chief Exam. Division, Fresno, Calif. 93888." The Fresno Service Center is within the 93888 zip code region. Respondent has neither a District Director's office nor Chief, Examination Division, located in Fresno. The pertinent mailing instructions on the back of the Form 872-T read as follows: This notice may be made by either the taxpayer(s) or the Internal Revenue Service. * * * If the tax return(s) to which this notice applies is under consideration by the Examination Division, mail this notice to the District Director of Internal Revenue having jurisdiction over the return(s), Attention: Chief, Examination Division. If the tax return(s) to which this notice applies is under consideration by the Employee Plans and Exempt Organizations Division, mail this notice to the District Director of Internal Revenue for the key district having jurisdiction over the return(s), Attention: Chief, EP/EO Division. See Rev. Proc. 80-25, 1980-1 C.B. 667, for a listing of the key district offices and the districts covered by each. If the return(s) to which this notice applies is under consideration byAppeals, mail *355 this notice to the Chief, Appeals Office, having jurisdiction over the return(s).
The Fresno Service Center received the envelope on December 4, 1985. The District Director's office in Laguna Niguel never received an original Form 872-T or a copy, and it was never made part of petitioners' administrative file. In January 1986, unaware that petitioners may have mailed the Form 872-T to the Fresno Service Center, the District Director's office in Laguna Niguel sent petitioners a 30-day letter giving them 30 days within which to protest the proposed deficiencies for 1979 through 1982. On February 6, 1986, petitioners sent the Laguna Niguel office a letter requesting that the running of the 30-day period be postponed until mid-March. On April 14, 1986, petitioners sent the Laguna Niguel office another letter expressing their appreciation for the extension of the 30-day period and stating that they would now devote their attention to responding to the 30-day letter. Neither of these letters, which were received by the Laguna Niguel office, contained any reference to, nor included a copy of, the Form 872-T. The case was not resolved at the examinationlevel, so respondent *356 mailed a notice of deficiency for income tax and additions to tax for the taxable years 1979 through 1982 to petitioners on June 26, 1986. [2]
Section 6501(a) provides the general rule that a deficiency in income tax shall be assessed within 3 years after a tax return is filed. Section 6501(c)(4), however, provides an exception to this rule if the taxpayer and respondent execute a written agreement to extend the limitations period for the assessment. The parties do not dispute that they entered a valid agreement to indefinitely extend the statute of limitations for the taxable year 1982 on a Form 872-A. They dispute whether petitioners effectively terminated their consent by sending a Form 872-T to the Fresno Service Center instead of the District Director's office in Laguna Niguel. Petitioners concede that the District Director's office did not receive the original or a copyof the Form 872-T, *357 but they contend that the instructions on the Form 872-A and on the Form 872-T are confusing and that they should not suffer for their good faith effort to follow them. In addition, they argue that respondent had an obligation to forward any misdirected mail received by the Service Center to the District Director's office considering the case. Petitioners admit that their position is not supported by case law, but contend that public policy dictates that receipt by the Service Center should terminate an 872-A agreement until changes in the process are made to clarify the proper office that must receive the Form 872-T. Respondent counters that (1) petitioners have not presented evidence that the Service Center actually received a Form 872-T and (2) even if it was received, the form did not terminate the indefinite extension of the statute of limitations because it was not sent to the correct office. We find it unnecessary to decide the issue whether the Service Center received the Form 872-T because we agree with respondent's second position. It is clear that parties have the right indefinitely to consent to extend the limitations on assessments and terminatethat consent in accordance *358 with terms to which they have agreed. Grunwald v. Commissioner, 86 T.C. 85, 88-89 (1986); Pursell v. Commissioner, 38 T.C. 263, 278 (1962), affd. per curiam 315 F.2d 629 (3d Cir. 1963).Moreover, a Form 872-A indefinitely extending the period for assessment may be terminated only by following the specific agreed terms. See Kernen v. Commissioner, 902 F.2d 17 (9th Cir. 1990), affg. an order of this Court; Kovens v. Commissioner, 90 T.C. 452, 458-459 (1988); Grunwald v. Commissioner, supra at 89; Tapper v. Commissioner, 766 F.2d 401, 404 (9th Cir. 1985), affg. an order of this Court. In a succession of cases where the parties had executed a Form 872-A, we have held that receipt of a Form 872-T by a Service Center and not the District Director's office considering the case was not in accordance with the terms of the Form 872-A and therefore did not effectively terminate the extension of the statute of limitations. Batte v. Commissioner, T.C. Memo. 1989-319; Hale v. Commissioner, T.C. Memo. 1988-271; *359 Brown v. Commissioner, T.C. Memo. 1986-239,affd. by court order 817 F.2d 754 (5th Cir. 1987); Valk v. Commissioner, T.C. Memo. 1984-622, affd. without published opinion 774 F.2d 1153 (3d Cir. 1985). Petitioners' reliance on Freedman v. Commissioner, T.C. Memo. 1986-257, is misplaced. In Freedman, the taxpayers sent Form 872-T to the District Director's office considering the case addressed to the attention of the correct person, albeit that the District Director had more than one office, and the form was sent to an office not having immediate responsibility for the audit. The form was considered an effective termination of the Form 872-A; we distinguished the situation where the form is sent to a District Director's office from the situation where the form is sent to the Service Center. See Burke v. Commissioner, T. C. Memo. 1987-325; Valk v. Commissioner, supra.
We see no reason to depart from the case law, particularly in light of the record in this case. Form 872-A specifically provides that a taxpayer may terminate the indefinite *360 extension of the statute in one way: by delivering a Form 872-T to the "Internal RevenueService office considering the case." Petitioners are disingenuous, to say the least, when they claim that the reference in the instructions to mailing "to the District Director of Internal Revenue having jurisdiction over the return(s), Attention: Chief, Examination Division" refers to the place where the return was filed. In the first place, it is based on an assumption as to the meaning of the quoted words, an assumption which ignores the reference to the "Chief, Examination Division." More importantly, petitioners' claim totally ignores the fact that the opening clause of each of the three paragraphs of the mailing instructions specifically refers to the situation where the return is under examination. See pages 4-5, supra; see also Rev. Proc. 79-22, 1979-1 C.B. 563. Petitioners mailed their Form 872-T to the Fresno Service Center not the Laguna Niguel District Director's office which, at that time, as they were well aware, was considering their case and had jurisdiction over their return. In point of fact, they had sent the executed Form 872-A to that office. Also, *361 after receiving the 30-day letter, petitioners twice wrote to the District Director's officein Laguna Niguel and did not even mention that they had mailed a Form 872-T to the Service Center. We hold that petitioners failed to terminate the extension of the period for assessment of the deficiency and respondent was not time barred from issuing a notice of deficiency. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rules references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment. ↩
2. The years 1979, 1980, and 1981 involve the use of a carryback from 1982 and are still open. Sec. 6501(j).↩