Mary A. DeSANTIS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 91 Civ. 3030 (WCC).

United States District Court,
S.D. New York.

Jan. 30, 1992.

Emmet, Marvin & Martin, New York City (Stephen P. Cerow, James C. Hughes, IV, of counsel), for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Manvin Mayell, Asst. U.S. Atty., of counsel), for U.S.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Mary A. DeSantis ("DeSantis") brings this action for recovery of federal income tax and interest assessed and collected from her by defendant United States of America ("the Government"). Plaintiff moves the Court pursuant to Fed.R.Civ.P. Rule 56 for summary judgment on the ground that the assessment of taxes against her was untimely pursuant to 26 U.S.C. § 6501. Also before the Court is the Government's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. Rule 12(c).[1]

## BACKGROUND

Plaintiff was a limited partner in a partnership known as Merjr Properties ("Merjr"). Complaint at ¶ 6. A dispute arose between plaintiff and the Internal Revenue Service ("IRS") with respect to deductions on plaintiff's income tax returns for the tax years 1975, 1976, and 1977 based upon losses from the Merjr Partnership, which the Commissioner of the IRS had disallowed. Complaint at ¶ 6; Answer at ¶ 6. Before the IRS had made a final determination as to the validity of those deductions, plaintiff and the IRS executed Forms 872–A, Special Consent to Extend the Time to Assess Tax ("Form 872–A Consents").[2] These Consents extended the limitations period for the IRS to assess taxes against plaintiff related to the Merjr Partnership. Pursuant to these agreements, plaintiff and the IRS agreed that income tax relating to plaintiff's investment in Merjr:

> may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872–T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited.

*See* Exh. B to the Complaint. Each Form 872–A Consent further provided that:

> [t]his agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of

---

1. Rule 12(c) provides:
   After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportu-
   nity to present all material made pertinent to such a motion by Rule 56.
   On this motion, defendant has not referred to, and the Court has not considered, materials outside the pleadings; therefore, the 12(c) motion will not be treated as one for summary judgment.

2. These Consents were executed on April 3, 1980 with respect to tax year 1975; June 29, 1982

tax and the final administrative appeals consideration.[3]

*See* Exh. B to the Complaint.

In 1984, litigation regarding the Merjr Partnership was pending before the United States Tax Court in the cases of *Roger Dersarkissian and Kimiko Dersarkissian, et al. v. Commissioner of Internal Revenue,* Docket Nos. 10064–82, 15411–82, and 10160–83, 1985 WL 14677. At issue in the *Dersarkissian* litigation was whether the activities of the Merjr Partnership were engaged in for profit so as to entitle investors to deduct losses associated with their investments in it. The deductions plaintiff included in her income tax returns for the 1975, 1976, and 1977 tax years were similar to the deductions at issue in *Dersarkissian.* While that case was pending, plaintiff and the IRS executed a Form 906, Closing Agreement on Final Determination Covering Specific Matters (the "Closing Agreement").

The Closing Agreement provides that plaintiff's distributive share from Merjr would be determined in the same manner as in the *Dersarkissian* case (which the Closing Agreement refers to as the "controlling case"). The Closing Agreement also provided that:

> [t]he amount of any Federal income tax attributable to the determination in clause (a)(1) preceding may be assessed by the Commissioner of Internal Revenue on or before the expiration of the one year (365 days) period following the date on which the decision of the controlling case becomes final notwithstanding the expiration of any period of limitation on assessment and collection otherwise prescribed by section 6501 of the Code.

*See* Exh. D to the Complaint.

On January 30, 1985 the United States Tax Court held in *Dersarkissian* that claimed losses from the Merjr Partnership were not deductible because Merjr "was not an activity engaged in for profit." T.C.M. (P–H) ¶ 85,049, at 216–85. That decision became final on May 1, 1985. On December 13, 1989, the IRS sent plaintiff a statutory notice of deficiency and, on May 11, 1990 assessed plaintiff with tax deficiencies for the tax years 1975, 1976, and 1977. Plaintiff paid the deficiencies and interest thereon under protest on October 5, 1988, and August 15, 1989, paying a total of $128,020.29 with respect to tax years 1975, 1976, and 1977. Plaintiff's claims for refund of all such taxes and interest paid were disallowed on September 19, 1990.

## DISCUSSION

### *The Standard for Summary Judgment*

■ A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c); *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electrical Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). It must establish that there is a "genuine issue for trial." *Id.* at 587, 106 S.Ct. at 1356. "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight,* 804 F.2d at 11. The inquiry under a motion for summary judgment is thus the same as that under a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a

---

with respect to tax year 1976; and January 28, 1981 with respect to tax year 1977.

**3.** The extension provided for in a Form 872–A Consent would expire 90 days after either the IRS mailed to the taxpayer, or the IRS received form the taxpayer, a Form 872–T, 150 days after the IRS mailed the taxpayer a notice of deficiency, or upon the date the IRS assessed the tax.

The 150–day period for assessment following the mailing of a statutory notice of deficiency is calculated by adding the 60–day period set forth in Form 872–A to a 90–day period following the mailing of a statutory notice of deficiency during which the IRS may not assess the tax. *See* 26 U.S.C. § 6213.

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### The Standard for Judgment on the Pleadings

■ Pursuant to Rule 12(c), judgment on the pleadings is appropriate "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir.1988) (citation omitted). In ruling on such a motion, the trial court must accept as true all of the nonmovant's well-pleaded factual allegations, *Bloor v. Carro, Spanbock, Londin, Rodman & Fass,* 754 F.2d 57, 61 (2d Cir.1985), and draw all reasonable inferences therefrom in his favor. *Bryson v. Brand Insulations Inc.,* 621 F.2d 556, 559 (3d Cir.1980). Finally, the court may not grant defendant's Rule 12(c) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d. Cir.1977).

### Timeliness of the Assessments

The material facts of this case are not in dispute. While the parties do dispute points of law, legal questions present nothing for trial and are thus appropriately resolved on a summary judgment motion. *See Flair Broadcasting Corp. v. Powers,* 733 F.Supp. 179, 184 (S.D.N.Y.1990). The Court thus decides the parties' motions as a matter of law.

■ Plaintiff does not here dispute the amount of the assessed deficiencies. Rather, she argues that the assessments were untimely since they were not made within the period set forth in the Closing Agreement—on or before one year following the date on which the decision in *Dersarkissian* became final. Plaintiff argues that although the assessment was made within the time period provided in the Form 872–A

Consents, those Consents and the period for assessments provided therein were superseded by the Closing Agreement. The Government argues, however, that since the Form 906 Closing Agreement was not one of the means of termination specified in the Form 872–A Consents, it could not terminate the indefinite extension provided in Form 872–A. Moreover, the Government contends that even if a Form 906 Closing Agreement could terminate the Form 872–A extension, the language of the Closing Agreement between plaintiff and the IRS did not contemplate a termination of that extension.

Pursuant to Section 6501(a) of the Internal Revenue Code, a deficiency in income tax shall be assessed within three years after a return is filed. Section 6501(c)(4) contains an exception to this general rule. It states:

> Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title . . . both the Secretary [of the Department of Treasury] and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The . period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

26 U.S.C. § 6501(c)(4).

■ In the instant action, plaintiff and the IRS reached an agreement and properly executed a Form 872–A, thereby extending the period of assessment of tax for an indefinite time. The Form 872–A extension, although of indefinite duration when executed, provides specific procedures for its termination. In addition to the IRS's mailing of a notice of deficiency or a final determination of tax due, either side, by filing a Form 872–T, can start the running of the ninety-day period within which the Commissioner must act. *See Stenclik v. Commissioner of Internal Revenue,* 907 F.2d 25, 27 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990). Plaintiff contends nevertheless that the

Form 906 Closing Agreement effectively terminated the agreed upon extension. The Court cannot agree.

■ The means of termination specified in the Form 872–A Consents are exclusive. *See, e.g., Kernen v. Commissioner of Internal Revenue,* 902 F.2d 17, 18 (9th Cir. 1990) (per curiam) ("We have previously refused to recognize alternative methods for terminating Form 872–A beyond those specifically listed in the form."); *Kinsey v. Commissioner of Internal Revenue,* 859 F.2d 1361, 1363 (9th Cir.1988), *cert. denied,* 489 U.S. 1083, 109 S.Ct. 1540, 103 L.Ed.2d 844 (1989) ("The Tax Court has several times held that the three means listed in Form 872–A are the exclusive means of termination."); *Grunwald v. Commissioner,* 86 T.C. 85, 89 (1986) (Form 872–A set forth the three methods by which the period of limitations could be terminated, and a letter of the type sent by the Appeals Officer was not one of them). For example, in *Kernen,* shortly after the taxpayers and the IRS executed a Form 872–A extending indefinitely the limitations period for assessments in connection with their 1977 tax return, the parties executed a Form 872, which extended the statute of limitations to only a specified date. The IRS assessed a tax after the specified date in the latter agreement had elapsed. Nevertheless, the Ninth Circuit affirmed the Tax Court's ruling that the assessment was timely, holding that "the subsequent execution of a Form 872 does not terminate a Form 872–A extension." 902 F.2d at 18.

In the instant action, neither plaintiff nor the IRS executed and mailed a Form 872–T. Therefore, the Form 872–A extending the period of limitations for the taxable years in issue was not terminated before the mailing of the notice of deficiency to plaintiff on December 13, 1989, and the assessments are not barred as untimely.

■ Moreover, even if a Form 906 Closing Agreement could terminate the Form 872–A extension, the Court agrees with the Government that the Closing Agreement executed by plaintiff and the IRS did not terminate that extension. The Closing Agreement states only that the IRS "may" assess taxes against plaintiff within one year after the *Dersarkissian* decision became final "notwithstanding the expiration" of any period of limitations prescribed by Section 6501 of the Internal Revenue Code. The plain language of the provision indicates that it would not be implicated unless the period of limitations on assessment had expired. Thus, in the event that either plaintiff or the IRS had terminated the Form 872–A extension by submitting the Form 872–T before the resolution of the *Dersarkissian* litigation, the IRS would be given an additional year within which to assess the tax.

■ Section 7121(a) of the Internal Revenue Code authorizes the Secretary of the Department of Treasury to enter into agreements in writing with any person relating to the liability of that person in respect to any internal revenue tax for the taxable period. Closing agreements are final and binding "only as to the matters agreed upon and may not be modified or disregarded in any proceeding unless there is a showing of fraud, malfeasance, or misrepresentation of a material fact." *In re Spendthrift Farm, Inc.,* 931 F.2d 405, 407 (6th Cir.1991). *See also Estate of John J. Magarian,* 97 T.C. No. 1, Tax Ct.Rep. (CCH Dec. 47,436) (1991); *Zaentz v. Commissioner of Internal Revenue,* 90 T.C. 753 (1988).[4] In *Spendthrift,* the Sixth Circuit summarized the holding of the United States Tax Court in *Zaentz* as follows:

> in *Zaentz v. Commissioner,* 90 T.C. 753 (1988), the tax court held that if a closing agreement does not specifically cover an issue, the IRS is not foreclosed from claiming it. The tax court found that 'section 7121 does not bind the parties as to the premises underlying their agreement; they are bound only as to matters agreed upon.'

*Spendthrift,* 931 F.2d at 407.

The Form 906 Closing Agreement in the instant action did not refer to the existing

---

**4.** There are three types of closing agreements. The Form 906 closing agreement, at issue in the instant action, is used where there is an agreement as to a specific matter affecting tax liability. *See Zaentz,* 90 T.C. 753.

Form 872–A extension of the statute of limitations. Thus, it only bound the parties to the specific matters agreed upon—namely, in the event the limitations period agreed to in the Form 872–A Consent had expired, the IRS would have one year from the final decision in *Dersarkissian* to assess taxes against plaintiff. Had plaintiff intended to create a new period of limitations for the assessment of her tax for the 1975, 1976, and 1977 tax years, she had the option of submitting a Form 872–T.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is denied. Defendant's cross-motion to dismiss the Complaint under Rule 12(c) is granted, and the Complaint is hereby dismissed with prejudice.

SO ORDERED.