USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-2062 DAVID R. SILVERMAN, ET AL., Petitioners, Appellants, v. COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.  ____________________ ON APPEAL FROM DECISION OF THE UNITED STATES TAX COURT [Hon. Arnold Raum, U.S. Tax Court Judge] ____________________  ____________________ Before Cyr, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Gertner,* U.S. District Judge. ___________________  ____________________ James P. Redding, with whom Gail E. Pergine and James P. Redding _________________ _______________ ________________ & Associates were on brief for petitioners, appellants. ____________ Kenneth W. Rosenberg, Attorney, Tax Division, Department of ______________________ Justice, with whom Loretta C. Argrett, Assistant Attorney General, and __________________ Gary R. Allen, Kenneth L. Greene, and Patricia M. Bowman, Attorneys, _____________ __________________ ___________________ Tax Division, Department of Justice, were on brief for respondent, appellee.  ____________________ June 20, 1996  ____________________  ____________________ *Of the District of Massachusetts, sitting by designation. CYR, Circuit Judge. Petitioners David and Meredith CYR Circuit Judge _____________ Silverman appeal a United States Tax Court ruling rejecting their claim that the statute of limitations barred further tax assess- ments by the Internal Revenue Service ("IRS"). We affirm the tax court decision.  I I BACKGROUND BACKGROUND __________ The Silvermans jointly reported losses from a limited partnership interest in a motion picture production company for tax years 1975, 1976, and 1977. Petitioner David Silverman, individually, reported another such loss on his 1980 tax return. Later, the company and its investors were audited by IRS. Within three years after filing their returns, see 26 U.S.C. 6501(a), ___ the Silvermans agreed to extend the limitation periods applicable to these four reporting years, by executing IRS Form 872-A, entitled Special Consent to Extend the Time to Assess Tax. See ___ id. 6501(c)(4) (authorizing extensions by agreement).1  ___  ____________________ 1In relevant part, the Form 872-A provided that the tax due for the specified years  may be assessed on or before the 90th (nine- tieth) day after: (a) the Internal Revenue ____________________ Service office considering the case receives _____________________________________________ Form 872-T, Notice of Termination of Special _____________________________________________ Consent to Extend the Time to Assess Tax, _____________________________________________ from the taxpayer(s); or (b) the Internal ______________________ __ Revenue Service mails Form 872-T to the tax- payer(s); or (c) the Internal Revenue Service __ mails a notice of deficiency for such peri- ods. . . . (Emphasis added.)  2 Thereafter, the Silvermans and IRS signed a Form 906 "Closing Agreement," which bound them to the outcome in a so- called "controlling case" before the tax court, relating to a similar tax shelter. The Form 906 closing agreement authorized IRS to assess a tax deficiency within one year after the decision in the controlling case became final, notwithstanding the expira- tion of any period of limitation prescribed by the Internal Revenue Code. The closing agreement made no reference to the Form 872-A extensions. The tax court ruling in the controlling case became final on July 18, 1991. Almost two years later, IRS received from the Silvermans separate Forms 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, relating to all four tax years. Within ninety days from its receipt of these Forms 872-T, IRS sent notices of income tax deficiencies for the tax years in question, calculated in conformity with the final outcome in the controlling case.  The Silvermans promptly initiated a tax court proceed- ing, claiming that the Form 906 closing agreement effectively terminated their earlier consent to extend indefinitely the limitation periods as previously indicated in their Form 872-A filings, with the result that IRS was required to make its supplemental tax assessments within one year after the final decision in the controlling case. IRS responded that the Form 906 closing agreement had no effect upon the earlier Form 872-A extensions.  3 The tax court rejected the taxpayers' argument that their Form 872-A extensions were superseded by the Form 906 closing agreement, holding that the tax assessments were not time-barred since IRS had issued its tax deficiency notices within ninety days of its receipt of the Forms 872-T. This appeal followed.  II II DISCUSSION DISCUSSION __________ A tax court decision is reviewed in the same manner as a civil judgment in a case tried to the district court without a jury. See 26 U.S.C. 7482(a); Alexander v. IRS, 72 F.3d 938, ___ _________ ___ 941 (1st Cir. 1995). As the instant matter was submitted to the tax court on a stipulated record, the proper interpretation of the Forms 872-A and the Form 906 closing agreement presents a pure question of law subject to plenary review. Id. at 941; __ Hempel v. United States, 14 F.3d 572, 575-76 (11th Cir. 1994). ______ _____________ The first argument raised by IRS on appeal, but by- passed in the tax court, maintains that the Forms 872-A submitted by the Silvermans extended the limitation periods indefinitely and constituted their agreement to use only Form 872-T to termi- ____ nate their Form 872-A extensions. Several circuits, in various contexts, have declined to enforce attempted terminations of Form 872-A extensions unless correctly implemented in a manner pre- scribed within Form 872-A itself.2 See, e.g., Coggin v. Commis- ___ ____ ______ _______  ____________________ 2Form 872-A plainly states, on its face, that its indefinite extension of a statute of limitations terminates on the ninetieth day following one of three events: (1) the receipt by IRS of 4 sioner, 71 F.3d 855, 861-62 (11th Cir. 1996) (sending Form 872-T ______ to wrong IRS division); Stenclik v. Commissioner, 907 F.2d 25, 27 ________ ____________ (2d Cir.) (passage of reasonable time), cert. denied, 498 U.S. _____ ______ 984 (1990); Kernen v. Commissioner, 902 F.2d 17, 18 (9th Cir. ______ ____________ 1990) (executing Form 872 containing specific consent-termination date); Wall v. Commissioner, 875 F.2d 812, 813 (10th Cir. 1989). ____ ____________ The Silvermans note that no court of appeals has yet decided whether a Form 906 closing agreement constitutes an exception to this exclusivity rule. Nonetheless, a district court has rejected the contention that a Form 906 closing agree- ment effectively terminates a Form 872-A extension. See DeSantis ___ ________ v. United States, 783 F.Supp. 165, 169 (S.D.N.Y. 1992). Nor are _____________ we persuaded by the bald assertion that DeSantis was wrongly ________ decided. Furthermore, as it appears entirely appropriate that Form 872-A extensions be literally construed, cf. Badaracco v. __ _________ Commissioner, 464 U.S. 386, 391-92 (1984) (statutes of limita- ____________ tions on tax collections are to be strictly construed in favor of IRS), and we are presented with no principled basis for not doing so, there is every reason to conclude that the Form 906 closing agreement did not constitute a valid termination device in the instant case.  Form 872-A was designed to eliminate the repetitive task of renewing extensions of limitation periods, and to mini- mize the daunting administrative burden of preventing their  ____________________ Form 872-T from the taxpayer; (2) the mailing of Form 872-T by IRS to the taxpayer; or (3) the mailing by IRS of a deficiency __ notice to the taxpayer. See supra note 1. ___ _____ 5 inadvertent expiration before a reliable tax assessment can be made. Rev. Proc. 79-22, 2.03, 1979-1 C.B. 563; see also ___ ____ Stenclik, 907 F.2d at 27 (noting that Form 872-T reduces litiga- ________ tion); Kernen, 902 F.2d at 18 (standardized form required to cope ______ with millions of taxpayer communications). A plain need for certainty prompted IRS to devise Form 872-T as the exclusive means, apart from mailing a deficiency notice, for either the IRS or taxpayers to terminate a Form 872-A consent to extend a limitation period.3 Given the unmistakable language employed in Revenue Procedure 79-22 and in Form 872-A itself, as well as the evident importance of the policy considerations at work in the tax collection context, we adhere to the plain language of Forms  ____________________ 3The applicable Revenue Procedure provides: .02 With the exception of the mailing of a notice of deficiency, written notification by the Service to the taxpayer(s) of termination of Service consideration can only be made using Form 872-T.  .03 Written notification to the Internal ______________________________________ Revenue Service from the taxpayer(s) of an _____________________________________________ election to terminate Form 872-A is to be _____________________________________________ made using Form 872-T. Taxpayer(s) should ________________________ sign and mail Form 872-T in accordance with instructions contained on the form. .04 Steps taken to terminate Forms 872-A by ________________________________________ the Service or the taxpayer(s) other than by _____________________________________________ using Forms 872-T (e.g., by letter or orally) _____________________________________________ will not terminate Form 872-A.  ______________________________ Rev. Proc. 79-22, 4.02-4.04, 1979-1 C.B. 563 (emphasis added). Although lacking the force of law attendant to a formal regula- tion, the applicable Revenue Procedure provides guidance for our interpretation of Form 872-A, especially since it was readily available to petitioners. See Xerox Corp. v. United States, 41 ___ ___________ ______________ F.3d 647, 657 (Fed. Cir. 1994), cert. denied, 116 S. Ct. 72 _____ ______ (1995); Clark v. Modern Group Ltd., 9 F.3d 321, 335 (3d Cir. _____ __________________ 1993).  6 872-A and 872-T, as informed by the applicable Revenue Procedure, see supra note 3, in holding that the Form 906 closing agreement ___ _____ did not terminate these Form 872-A extensions. Finally, we note that a contrary ruling is not neces- sary to protect legitimate taxpayer interests in closing out past tax years. First, taxpayers need never agree to extend the prescribed three-year limitation period. See Stange v. United ___ ______ ______ States, 282 U.S. 270, 276 (1931) (consenting to extension is a ______ "voluntary, unilateral waiver of a defense by the taxpayer"). Moreover, taxpayers may execute waivers for prescribed periods by using Form 872, see Coggin, 71 F.3d at 861, and in all events ___ ______ Form 872-T is available as a simple and effective means to terminate indefinite Form 872-A extensions. Finally, if peti- tioners had intended to limit IRS to the time specified in the Form 906 closing agreement, they need simply have filed Forms 872-T, as they eventually did. Accordingly, we can discern no sound reason to adopt a strained interpretation of Form 872-A to excuse their failure to submit Form 872-T at an earlier time. III III CONCLUSION CONCLUSION __________ As the Form 906 closing agreement did not supersede the Form 872-A extensions, and petitioners' remaining arguments are without merit, the tax court judgment must be affirmed.  SO ORDERED. SO ORDERED. __________ 7