T.C. Memo. 2019-160

UNITED STATES TAX COURT

JULIE A. ROCKAFELLOR, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10783-18L.                    Filed December 11, 2019.

<u>Craig S. Glatzhofer</u>, for petitioner.

<u>Rachael J. Zepeda</u> and <u>Zachary B. Friedman</u>, for respondent.

MEMORANDUM OPINION

URDA, <u>Judge</u>:  In this collection due process (CDP) case, Julie A.

Rockafellor seeks review, pursuant to sections 6320(c) and 6330(d)(1),[1] of the

    [1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] determination by the Internal Revenue Service (IRS) Office of Appeals to uphold the filing of a notice of Federal tax lien (NFTL) with respect to (1) unpaid Federal income tax liabilities for 2007 and 2010 and (2) unpaid tax return preparer penalties under section 6694(b) for 2012 and 2013.  In her petition Ms. Rockafellor also asserted a challenge relating to her tax year 2011, but we dismissed that claim for lack of jurisdiction.

The sole question for decision is whether the IRS Office of Appeals acted within its discretion in sustaining the NFTL filing, particularly with respect to its verification that penalties under section 6694(b) had been properly assessed against Ms. Rockafellor.  We find no abuse of discretion.

## Background

The parties have stipulated various facts concerning the administrative record.  Those stipulated facts are so found and are incorporated in this opinion by this reference.  Ms. Rockafellor resided in Westminster, California, when she timely filed her petition.

A.    Ms. Rockafellor's Tax Liabilities

Ms. Rockafellor and her father operated a tax return preparation partnership from 2007 through 2010, when their partnership dissolved.  In 2013 the IRS issued her a notice of deficiency determining deficiencies and penalties for 2007

[*3] and 2010.  Ms. Rockafellor thereafter filed a timely petition for redetermination in this Court.  During the pendency of that deficiency case, the IRS examined her business clients' returns with a view to determining whether she was liable for tax return preparer penalties under section 6694(b) with respect to 2012 and 2013, later proposing penalties for these years.[2]

The parties subsequently reached a global settlement, made up of a closing agreement that resolved Ms. Rockafellor's tax return preparer penalties and a stipulated decision that resolved her Tax Court case.  As to the former, the parties agreed that Ms. Rockafellor was "liable" for tax return preparer penalties of $40,000 for 2012 and $10,000 for 2013 and that "[n]o claim for abatement or refund will be filed or considered" with respect to those penalties.  The closing agreement further specified that it was "final and conclusive" except that the matter could "be reopened in the event of fraud, malfeasance, or misrepresentation of fact."  In the stipulated decision, Ms. Rockafellor agreed to (1) a tax deficiency of $53,466 and a section 6662(a) accuracy-related penalty of $10,693 for 2007 and

---

[2]Generally, sec. 6694(b)(1) provides that "[a]ny tax return preparer who prepares any return or claim for refund with respect to which any part of an understatement of liability is due to * * * [willful or reckless tax return preparer conduct] shall pay a penalty with respect to each such return or claim in an amount equal to the greater of" $5,000 or 75% of the income derived by the preparer with respect to the return or claim.

**[\*4]** (2) a tax deficiency of $19,575 and a section 6662(a) accuracy-related penalty of $3,915 for 2010.  See Rockafellor v. Commissioner, T.C. Dkt. No. 30210-13 (Jan. 26, 2017) (stipulated decision).

B.      Collection Activities and CDP Hearing

To begin collection action regarding Ms. Rockafellor's agreed-upon liabilities for 2007, 2010, 2012, and 2013, the IRS issued a notice on August 24, 2017, that informed her of the filing of an NFTL with respect to those years and apprised her of her right to request a CDP hearing pursuant to section 6320.  Ms. Rockafellor filed a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, on which she indicated her desire for an installment agreement and lien withdrawal.  Ms. Rockafellor did not contest her underlying liabilities or identify any other issues on the form.

Ms. Rockafellor's CDP case thereafter was assigned to a settlement officer in the IRS Office of Appeals.  The settlement officer noted during his initial review of the case that Ms. Rockafellor had agreed to her tax return preparer penalty assessment and signed the closing agreement.  On December 20, 2017, the settlement officer sent Ms. Rockafellor a letter scheduling a telephone CDP hearing for January 25, 2018.  He requested that Ms. Rockafellor provide proof within 14 days of the date of the letter that she was in compliance with her

**[\*5]** estimated tax obligations, emphasizing that he could not consider any collection alternatives absent such information. Ms. Rockafellor did not provide the estimated tax information within the two-week period.

The telephone CDP hearing went ahead as scheduled. During the hearing Ms. Rockafellor's representative expressed her wish to enter into an installment agreement of $500 per month and clarified that Ms. Rockafellor was not challenging the propriety of the lien filing. The settlement officer rejected that proposal, noting that a financial analysis performed during a September 2017 CDP proceeding (for other periods not at issue in this case) showed that Ms. Rockafellor could pay $3,787 per month.

The settlement officer further explained that, in any event, he could not consider an installment agreement because Ms. Rockafellor was not in compliance with her 2017 estimated tax obligations. The settlement officer accordingly gave Ms. Rockafellor until January 31, 2018, to pay the balance of her estimated tax. Ms. Rockafellor's representative did not discuss her lien withdrawal request, contest her underlying liabilities, or raise any other issues at the CDP hearing.

On January 31, 2018, Ms. Rockafellor notified the settlement officer that she had paid $5,000 in partial satisfaction of her 2017 estimated tax liability. The settlement officer gave Ms. Rockafellor a second extension of time (until

**[\*6]** February 28, 2018) to fully satisfy her estimated tax obligations for 2017 and to provide updated financial information.

Ms. Rockafellor did not do so. Although she made a payment of $2,000 on February 27, 2018, that payment was applied against her 2018 estimated tax obligations. The settlement officer concluded that, even had the payment been applied against her 2017 estimated tax obligations, it would not have satisfied her outstanding balance.

Over the next two months Ms. Rockafellor did not contact the settlement officer, submit the requested updated financial information, or make any additional estimated tax payments. On May 4, 2018, having heard nothing more from Ms. Rockafellor, the settlement officer closed the case.

## C.     Notice of Determination and Tax Court Proceeding

On May 9, 2018, the IRS Office of Appeals issued a notice of determination sustaining the filing of the NFTL for the years at issue and rejecting Ms. Rockafellor's request for a collection alternative. The notice explained that Ms. Rockafellor was not eligible for an installment agreement because she was not in compliance with her estimated tax obligations. It further stated that she did not meet any of the statutory lien withdrawal criteria.

**[*7]** Ms. Rockafellor filed a timely petition with the Court seeking review of the notice of determination. Although the notice related to tax years 2007, 2010, 2012, and 2013, the petition also challenged the propriety of purported collection actions regarding tax year 2011. We dismissed that claim for lack of jurisdiction. See secs. 6320(c), 6330(d); see also Atl. Pac. Mgmt. Grp., LLC v. Commissioner, 152 T.C. __, __ (slip op. at 5-7) (June 20, 2019); sec. 301.6320-1(i)(2), Q&A-I6, Proced. & Admin. Regs.

## Discussion

### A.   Standard of Review

We have jurisdiction to review the Office of Appeals' determination pursuant to sections 6320(c) and 6330(d)(1). See Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review all other determinations for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. In reviewing for abuse of discretion, we must uphold the Office of Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v.

[*8] Commissioner, 125 T.C. at 320; Taylor v. Commissioner, T.C. Memo. 2009-27, 97 T.C.M. (CCH) 1109, 1116 (2009).

B.      Underlying Liability

Both in her petition and in her brief Ms. Rockafellor raises challenges to her 2012 and 2013 underlying liabilities, i.e., the tax return preparer penalties fixed in her closing agreement with the IRS. She argues that the penalties were improper because the IRS failed to obtain proper supervisory approval under section 6751(b)(1) of the initial determination of these penalties and that she was coerced into signing the closing agreement.[3]

A taxpayer may dispute his underlying tax liability in a CDP case only if he properly raised that issue at the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); see also sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised if the taxpayer does not request consideration of the issue by the Office of Appeals, or if consideration is requested but the taxpayer did not present to the Office of Appeals any evidence regarding

_____

[3]We note that Ms. Rockafellor's claim of coercion was not raised in her petition and thus is arguably foreclosed by our pleading rules. See Rule 331(b)(4) (requiring that a petition contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed"). Given, as discussed below, that the challenge to her underlying liability is barred in toto, we need not tarry on this point.

**[*9]** the issue after being given a reasonable opportunity to do so. See Giamelli v. Commissioner, 129 T.C. at 113-115; see also sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Ms. Rockafellor did not challenge her 2012 and 2013 tax return preparer penalties before the Office of Appeals, and thus we cannot now consider challenges to those underlying liabilities.

C.    Abuse of Discretion

We next consider whether the settlement officer: (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues Ms. Rockafellor raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [Ms. Rockafellor] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Our review of the administrative record establishes that the settlement officer satisfied all the requirements set forth in section 6330(c)(3).

1.    Verification

As an initial matter, this Court has authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. See Hoyle v. Commissioner, 131 T.C. 197, 201-203 (2008), supplemented by 136 T.C. 463 (2011). Generally, "the settlement officer's review

[*10] of the administrative steps taken before assessment of the underlying liabilities has been accepted as adequate to the requirements of section 6330 if there is supporting documentation in the administrative record." Blackburn v. Commissioner, 150 T.C. 218, 222 (2018). Ms. Rockafellor has not raised a verification challenge, and we conclude, from our review of the record, that the settlement officer conducted a thorough review of the transcripts of Ms. Rockafellor's account and verified that all requirements were met with respect to both the 2007 and 2010 Federal income tax liabilities and the 2012 and 2013 tax return preparer penalties.

Although Ms. Rockafellor does not challenge verification as such, she does argue that the supervisory approval requirement of section 6751(b)(1)[4] applies to the tax return preparer penalties at issue and that such approval was untimely. She further believes that these issues justify a remand to the Office of Appeals. "Where the supervisory approval requirement of section 6751(b)(1) applies, the Appeals officer should obtain verification that such approval was obtained". ATL & Sons Holdings, Inc. v. Commissioner, 152 T.C. 138, 144 (2019).

---

[4]Sec. 6751(b)(1) provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate."

[*11] In this case, however, Ms. Rockafellor entered into a "final and conclusive" closing agreement that determined her tax return preparer penalties, and, as part of the agreement, expressly relinquished her chance to seek abatement or refund of the penalties determined therein. Deficiency procedures do not apply to the assessment or collection of section 6694 penalties, see sec. 6696(b), and thus in signing the agreement Ms. Rockafellor effectively consented to assessment and gave up any postassessment challenge. In doing so, she agreed to waive the procedural requirement of section 6751(b)(1). See McAvey v. Commissioner, T.C. Memo. 2018-142, at *22-*23.

As was the case in McAvey, if there was any error relating to verification of compliance with section 6751(b)(1), it was harmless error because neither respondent nor this Court may set aside the closing agreement or Ms. Rockafellor's implicit consent to assessment. See sec. 7121(b) (providing that closing agreements generally are final and conclusive as to the matters agreed upon); see also Silverman v. Commissioner, 105 T.C. 157, 161 (1995), aff'd, 86 F.3d 260 (1st Cir. 1996).[5] We thus conclude that, even if we were to assume

_____

[5]We note that Ms. Rockafellor contends that a July 2016 letter from the IRS shows that she was coerced into signing the closing agreement and that the agreement thus was not final and conclusive. This letter was not part of the administrative record reviewed by the settlement officer, and we previously

(continued...)

[*12] arguendo that the settlement officer did not verify that the section 6751(b)(1) supervisory approval requirement was met, no bona fide interest would be served by remanding for verification as to this issue. See McAvey v. Commissioner, at *23.

2. Issues Raised

During the CDP proceedings in the Office of Appeals, Ms. Rockafellor argued that she was entitled to lien withdrawal and an installment agreement. Ms. Rockafellor did not raise the issue of lien withdrawal in her petition, and she thus has conceded the issue. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); see also CreditGuard of Am., Inc. v. Commissioner, 149 T.C. 370, 379 (2017). Although Ms. Rockafellor claimed in her petition that the settlement officer abused his discretion in rejecting her proposed installment agreement, she did not pursue the issue in her brief. She thus has abandoned this claim. See Rule 151(e)(4) and (5) (requiring that a party's

---

[5](...continued) rejected Ms. Rockafellor's attempts to add this letter to that record. Even if we were to reconsider our ruling (and to consider this letter in the context of our verification review), the letter proffered by Ms. Rockafellor does not show coercion (or any other type of malfeasance) as would undermine the finality of the closing agreement. The letter merely asks Ms. Rockafellor to carefully review the terms of the agreement and to contact the IRS with any questions, while reminding her that no agreement was final until execution.

**[*13]** brief state the points and arguments on which he relies); see also McLaine v. Commissioner, 138 T.C. 228, 243 (2012) (holding that a taxpayer abandoned an issue by failing to raise it on brief); Bero v. Commissioner, T.C. Memo. 2017-235, at *15.

Even had Ms. Rockafellor properly prosecuted these two issues, her continued noncompliance with her 2017 estimated tax obligations, as well as her failure to submit the financial information requested by the settlement officer, would justify us in sustaining the settlement officer's rejection of her collection alternatives. See, e.g., McLaine v. Commissioner, 138 T.C. at 243; Giamelli v. Commissioner, 129 T.C. at 111-112; Richards v. Commissioner, T.C. Memo. 2019-89, at *10; Ransom v. Commissioner, T.C. Memo. 2018-211, at *9-*10, aff'd, __ F. App'x __, 2019 WL 6218166 (D.C. Cir. Nov. 4, 2019).

Under the circumstances, the settlement officer's action did not represent an abuse of discretion.

### 3. Balancing Analysis

Ms. Rockafellor did not allege on petition or argue at any later point that the settlement officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." See

**[\*14]** sec. 6330(c)(3)(C).  She thus has conceded this issue.  <u>See</u> Rule 331(b)(4); see also <u>Ansley v. Commissioner</u>, T.C. Memo. 2019-46, at \*19.  In any event the settlement officer expressly concluded in the notice of determination that the filing of the NFTL balanced the need for efficient tax collection with Ms. Rockafellor's legitimate concerns about intrusiveness because she did not comply with her estimated tax obligations.  Again, we see no abuse of discretion.

D.     <u>Conclusion</u>

Finding no abuse of discretion in any respect, we will sustain the notice of determination upholding the filing of the NFTL for the years at issue.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.