Donald R. and Delores J. **MULDER**,
Plaintiffs,

v.

The **UNITED STATES**, Defendant.

No. 94–1049T.

United States Court of Federal Claims.

Nov. 19, 1996.

Robert J. Murray, Omaha, NE, with whom was Donald L. Erftmier, Jr., for plaintiffs.

W.C. Rapp, Tax Division, Department of Justice, Washington, DC, with whom were Loretta C. Argrett, Assistant Attorney General, Mildred L. Seidman, and David Gustafson, for defendant.

## OPINION

MARGOLIS, Judge.

This case comes before the court on cross motions for summary judgment. Plaintiffs, husband and wife Donald and Delores Mulder, seek a refund of $3,150.22, for federal income tax paid on their 1980 federal income tax return. Defendant, the United States, acting through the Internal Revenue Service (IRS), audited the Mulders' tax returns for 1980–1984. In 1986, plaintiffs executed an 872–A, "Special Consent to Extend the Time to Assess Tax," for the tax years 1982, 1983 and 1984. The 872–A indefinitely extended the statute of limitations for the stated years. The 872–A also listed specific ways in which this open-ended statute of limitations could be terminated, including the issuance of a notice of deficiency for the years for which the extension was granted. If a notice of deficiency was issued for a year covered by the 872–A, the IRS would only be given 60 days to assess the additional tax after the deficiency became final. Under the 872–A, defendant denied some of plaintiffs' net operating loss (NOL) and investment tax credit for 1983, and the corresponding carryback of such losses to 1980. Accordingly, the IRS issued a notice of deficiency for tax year 1980. The Mulders protested the additional assessment, but the United States Tax Court ruled for the United States, finding a deficiency for 1980 based on the disallowance of the NOL carried back from 1983. The IRS, however, failed to assess the additional tax within the 60 days provided for under the 872–A. Plaintiffs have moved for summary

judgment, claiming that the failure to assess the additional tax within 60 days has terminated defendant's right to the additional back taxes. Defendant has filed a cross-motion for summary judgment, claiming that since the notice of deficiency was for 1980, not 1983, the termination clause of the 872–A was never implicated. As a result, defendant argues, the 872–A is still valid, and the IRS may assess the additional tax due. After full consideration of the record and oral argument, this court denies plaintiffs' motion for summary judgment and grants defendant's cross motion for summary judgment.

## FACTS

Plaintiffs Donald and Delores Mulder filed their federal income tax return for calendar year 1980 on December 2, 1981. The IRS audited plaintiffs' 1980, 1981, 1982, 1983 and 1984 income tax returns. In connection with that examination, at a time when the assessment of a deficiency would have been timely, plaintiffs and the IRS executed Form 872–A, "Special Consent to Extend the Time to Assess Tax," with respect to 1982, 1983, 1984. The 872–A extended indefinitely the statute of limitations for the assessment of income tax. Plaintiffs' 872–A provided, in part, that the period of limitation for assessment was extended to a date 90 days after:

(a) the Internal Revenue Service office considering the case receives Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872–T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited.

Stipulation of Facts, Ex. A.

On March 9, 1989, the Internal Revenue Service mailed plaintiffs' representative a letter stating that

[t]he Statutory Notice of Deficiency is being prepared by this office on Mr. and Mrs. Mulder's 1980, 1981, and 1982 returns. The adjustments in the 1983 and

1984 returns will be shown as a part of the correct net operating loss carryback.

*See* Affidavit of Donald R. Mulder, Ex. I. On April 3, 1989, the IRS timely issued a notice of deficiency for the years 1980, 1981, and 1982. The notice of deficiency did not propose deficiencies with respect to tax years 1983 or 1984. The deficiency for 1980, the year currently at issue, was caused by the disallowance of both the net operating loss (NOL) and investment tax credit carrybacks to tax year 1980 from tax year 1983.

Plaintiffs petitioned the United States Tax Court for a redetermination of their tax liability for 1980 through 1982. During that litigation, defendant wrote plaintiff and stated that "[w]e have the five years, 1980, 1981, 1982, 1983, and 1984, docketed before the U.S. Tax Court." Affidavit of Donald R. Mulder, Ex. J. Also, a letter to plaintiffs, sent by defendant's counsel, referred to the notice of deficiency as "issued to [the Mulders] for 1983 and 1984." *Id.* at Ex. K. Further, in a motion for partial summary judgment before the Tax Court, defendant wrote,

[o]n April 3, 1989, [the United States] issued to [the Mulders] the statutory notice of deficiency upon which this case is based. In the notice of deficiency ... [the United States] disallowed in their entirety petitioners' Schedule C losses claimed in 1983 and 1984 and their related net operating losses carried back to 1980, 1981, and 1982, and the entire investment tax credit claimed....

Stipulation of Facts, Ex. C, ¶ 5.

The Tax Court held for the government and disallowed some of the Mulders' NOL claims for 1983. Since the NOL had been carried back to plaintiffs' tax returns for 1980, the Tax Court found a deficiency for 1980 in the amount of $3,150.22. That decision was entered on October 7, 1993. Neither party appealed the holding of the Tax Court, and it became final 90 days later on January 5, 1994. The IRS assessed the deficiency on May 6, 1994, well over 60 days after the Tax Court's decision had become final. Plaintiffs paid the assessment and timely filed a claim for refund with the IRS, asserting that the assessment had been untimely. The Mulders' refund claim was de-

nied on November 28, 1994. Plaintiffs then filed this suit.

## DISCUSSION

Internal Revenue Code (IRC) § 6501 generally requires that the Commissioner of the IRS assess taxes within three years after a return is filed. *See* 26 U.S.C. § 6501 [1]. The IRC does provide exceptions to this rule, some of which are applicable to this case. Under IRC § 6501(h), a deficiency in one taxable year attributable to the application of a net operating loss arising in a later year may be assessed at any time before the statute of limitations expires for assessment of deficiencies for the taxable year in which the net operating loss arose. *See* 26 U.S.C. § 6501(h).[2] IRC § 6501(j) similarly provides that a deficiency in one taxable year attributable to the application of an investment tax credit carryback arising in a later year may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the unused credit which results in such carryback may be assessed. *See* 26 U.S.C. § 6501(j).[3] Further, a deficiency is defined as "the amount by which the tax imposed . . . exceeds the" net amount previously assessed. 26 U.S.C. § 6211.

While both parties are unable to cite any case directly on point, they do agree that the terms and provisions of 872–A are controlling. The parties also agree that if the statute of limitations for assessment of a deficiency with respect to 1983 remained open at the time that the notice of deficiency for 1980 was made, then the notice was timely. Further, both parties agree that plaintiffs had consented to indefinite extensions of the statute of limitations with respect to 1983 by signing the 872–A.

■ The parties, however, agree on little else. Plaintiffs argue that the notice of deficiency sent to them invoked the termination clause of the 872–A. The key provision which plaintiffs cite states that the open-ended statute of limitations agreed to in the 872–A will terminate 90 days after

> the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited.

Stipulation of Facts, Ex. A. The Mulders claim that, while the 872–A was specifically for 1982, 1983 and 1984, the issuing of the notice of deficiency for 1980–1982 was within the "such period(s)" contemplated in the 872–A termination clause because the deficiency reflected adjustments to the plaintiffs' 1983 tax return. Without adjustments to the NOL of 1983 and related carryback to 1980 there would not have been grounds for a notice of deficiency for 1980 tax. As support for this contention, plaintiffs cite correspondence between the parties, such as the March 9, 1989 letter from the IRS which stated that a notice of deficiency was being prepared and that it would reflect an adjustment to the 1983 tax return, and statements made by defendant in its motion for partial summary judgment before the Tax Court. *See supra;* Affidavit of Donald R. Mulder,

---

1. 26 U.S.C. § 6501(a) states,
   [e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . and no proceeding in court without assessment for collection of such tax shall be begun after the expiration of such period.

2. 26 U.S.C. § 6501(h) declares,
   [i]n the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback . . . such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss . . . which results in the carryback may be assessed.

3. 26 U.S.C. § 6501(j)(1) reads,
   [i]n the case of a deficiency attributable to the application to the taxpayer of a credit carryback . . . such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the unused credit which results in such carryback may be assessed, or with respect to any portion of a carryback from a taxable year attributable to a net operating loss carryback, capital loss carryback, or other credit carryback from a subsequent taxable year, at any time before the expiration of the period within which a deficiency for such subsequent taxable year may be assessed.

Exs. I, J, K, L; Stipulation of Facts, Ex. C, D.

Defendant claims that since the notice of deficiency was clearly labeled for 1980, 1981, and 1982, it can not qualify as a notice of deficiency for 1983, and thus, the indefinite extension of 872–A was never terminated. Further, defendant points out that a notice of deficiency for 1983 would have been inappropriate, because there was no deficiency with respect to 1983. As a result, the termination clause of 872–A was never invoked, and thus the assessment was timely.

Plaintiffs' efforts to include 1983 within the notice of deficiency are unconvincing. While neither party is able to offer any judicial interpretation of the phrase "such period(s)," the court is persuaded by the fact the notice of deficiency clearly states on its face that it applied to years 1980, 1981, and 1982. The fact that later correspondence may have been somewhat ambiguous or incorrect about the tax year in question does not change the fact that the notice of deficiency—the document specifically referred to for guidance by the termination clause—stated unequivocally that it was for 1980, 1981, and 1982.

Indeed, this conclusion is reinforced by the fact, conceded by both parties, that no deficiency existed for 1983. *See* Stipulation of Facts, ¶ 6, Ex. B. Instead, it was the disallowance of the NOL and investment tax credit carrybacks from 1983 to 1980 that created the deficiency for 1980, and the resulting notice of deficiency for 1980. *See id.* The fact that events occurring in one year impact upon the tax owed in a different year is not a new phenomena, and does not require judicial interference with the explicit terms of the 872–A agreement between the parties. *See, e.g., Kraft Inc. v. United States,* 30 Fed.Cl. 739, 747–49, 754 (1994) (taxpayer's tax liability for 1972 through 1978 depended largely on acquisitions which occurred between 1923 and 1932).

Further, courts have required parties to abide by the clear termination provisions of 872–A agreements. In *Grunwald v. Commissioner,* 86 T.C. 85, 1986 WL 22077 (1986), a taxpayer argued that a letter from an IRS official had effectively terminated the 872–A

extension agreement. The Tax Court, however, stated,

[t]he relevant waiver for the years in question which petitioners signed and which respondent accepted expressly and explicitly sets out the 3 methods by which the period of limitations could be terminated, and a letter of the type sent by the appeals officer was not one of these. The very purpose expected to be served by Form 872–T would be frustrated were the parties free to indulge themselves in whatever form of termination might strike their fancy, regardless of the degree of informality chosen. Form 872–T explicitly informs the named taxpayers or the IRS, as the case may be, of the following things:

—the intent to terminate the period of limitations on assessment

—of the kind of tax and

—for the tax period(s) indicated in the notice.

A valid statutory notice of deficiency under section 6212 has the same effect. *Id.* at 89. As discussed *supra,* the notice of deficiency in this case clearly listed a deficiency for 1980, not 1983. Thus, it did not conform to the termination requirements stated in the 872–A.

*Equitable Principles*

■ The application of equitable principles to reformulate the terms agreed to in the 872–A is also inappropriate. *See Estate of Camara v. Commissioner,* 91 T.C. 957, 961–62, 1988 WL 123886 (1988). In *Camara,* the taxpayer requested that the court find that, despite the open-ended language of 872–A, it only extended the statute of limitations for a "reasonable time." *Id.* at 960. This request to "graft onto the agreement an additional term," *id.* at 960, was rejected by the court, which reasoned,

the Forms 872–A involved herein specifically allow a taxpayer to terminate it in writing on a Form 872–T. The parties to the extension agreement should be held to that term. . . . Secondly, certainty in the use of Form 872–A is further enhanced by not interpreting it to end by operation of law after a reasonable time. If the extension agreements of the type involved here-

in were held to end after a reasonable period of time without the giving of prior notice, we would be forced to make an inquiry into the facts and circumstances of every case in which a Form 872–A was utilized. Therefore, we hold that extension agreements that contain specific termination provisions do not end by operation of law after a reasonable time.

*Id.* at 961–62. This court finds the same logic persuasive in this case. Though the plaintiffs argue that their interpretation of 872–A is "fair," the court cannot overlook the fact that the parties have agreed to explicit terms in the 872–A. Plaintiffs' Motion for Summary Judgment, at 11. To judicially impose other limitations would be improper.

*Equitable Estoppel*

██ Though plaintiffs have noted writings by defendant which may appear to include 1983 in the notice of deficiency, these are insufficient grounds to apply the principle of equitable estoppel. As the Supreme Court has held, "the Government may not be estopped on the same terms as any other litigant," *Heckler v. Community Health Services, Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984), but instead, equitable estoppel can only be used against the government in the most extreme circumstances. *See id.* at 60–61, 104 S.Ct. at 2224–25. Indeed, while the Supreme Court has refused to rule out the possibility of estoppel against the government, it has noted, "we have reversed every finding of estoppel that we have reviewed." *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 422, 110 S.Ct. 2465, 2470, 110 L.Ed.2d 387 (1990). In light of these cases, the court does not believe that any ambiguity which may have been created by documents not specifically referred to in the termination clause of the 872–A is extreme enough to invoke equitable estoppel against the government.

## CONCLUSION

For the foregoing reasons, this court denies plaintiffs' motion for summary judgment, and grants defendant's cross motion for summary judgment. The open-ended statute of limitations provided by the 872–A for 1983 was not affected by the notice of deficiency sent to plaintiffs for 1980. The clerk will enter a judgment for the defendant on its counterclaim in the amount of $7,247.67, plus interest as provided by law. No costs.