T.C. Memo. 2000-304

UNITED STATES TAX COURT

ROSS M. MUIR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7721-88.                    Filed September 26, 2000.

Ross M. Muir, pro se.

Tracy Anagnost Martinez, for respondent.

MEMORANDUM OPINION

PARR, Judge:  Respondent determined deficiencies in, and
additions to, petitioner's Federal income tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) |
| 1980 | $86,844.34 | $4,342.00 | -- |
| 1981 | 334.74 | 16.73 | [1] |

[1] 50 percent of the interest due on $334.74.

Respondent also determined that petitioner is liable for increased interest on underpayments attributable to tax-motivated transactions as defined in section 6621(c),[1] for the entire underpayment of tax for 1980.

The sole issue for our decision is whether the statutory periods of limitations for assessing and collecting the deficiencies in, and additions to, petitioner's Federal income taxes for 1980 and 1981 have expired.[2]  We hold they have not.

Background

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference.  Petitioner is an attorney who resided in Rochester, Minnesota, at the time he filed his petition in this case.

Petitioner filed his Federal income tax returns for the taxable years 1980 and 1981 on June 15, 1981, and October 15,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Sec. 6621(c), formerly sec. 6621(d), was redesignated pursuant to Tax Reform Act of 1986, Pub. L. 99-514, sec. 1511(c), 100 Stat. 2744.

[2]Petitioner asserts on brief that interest on the deficiency should be abated pursuant to sec. 6404(e).  Consideration of petitioner's request for abatement of interest is premature, however, as there has been neither an assessment of interest nor a final determination by respondent not to abate the interest. See sec. 6404(e), (g), as currently in effect; see also Bourekis v. Commissioner, 110 T.C. 20, 26 (1998).

1982, respectively.   On each return, petitioner claimed a substantial loss from his investment in a limited partnership, relating to, among other things, enhanced oil recovery technology.

On March 22 and 26, 1984, petitioner and respondent, respectively, executed a Form 872-A, Special Consent to Extend the Time to Assess Tax, related to the taxable year ended December 31, 1980.

On its face, Form 872-A states that the tax due for the specified year:

> MAY BE ASSESSED ON OR BEFORE THE 90TH (NINETIETH) DAY
> AFTER:  (A) THE INTERNAL REVENUE SERVICE OFFICE
> CONSIDERING THE CASE RECEIVES FORM 872-T, NOTICE OF
> TERMINATION OF SPECIAL CONSENT TO EXTEND THE TIME TO
> ASSESS TAX, FROM THE TAXPAYER(S), OR (B) THE INTERNAL
> REVENUE SERVICE MAILS FORM 872-T TO THE TAXPAYER(S), OR
> (C) THE INTERNAL REVENUE SERVICE MAILS A NOTICE OF
> DEFICIENCY FOR SUCH PERIOD(S), EXCEPT THAT IF A NOTICE
> OF DEFICIENCY IS SENT TO THE TAXPAYER(S), THE TIME FOR
> ASSESSING THE TAX FOR THE PERIOD(S) STATED IN THE
> NOTICE OF DEFICIENCY WILL END 60 DAYS AFTER THE PERIOD
> DURING WHICH THE MAKING OF AN ASSESSMENT WAS
> PROHIBITED.  * * *

On October 7 and 9, 1985, petitioner and respondent, respectively, executed a Form 872-A related to the taxable year ended December 31, 1981.  That Form 872-A contained the language quoted above with respect to termination of the extension agreement.

On January 19, 1988, respondent issued a notice of deficiency to petitioner.  At no time before respondent's

issuance of the notice of deficiency did respondent or petitioner, or anyone acting on petitioner's behalf, terminate the Form 872-A agreements by mailing to or filing with the other party a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax.

Petitioner timely filed a petition to this Court for redetermination of the deficiency, affirmatively pleading that the periods of assessment of the taxes for 1980 and 1981 had expired and alleging error in respondent's determinations that disallowed the deductions related to his investment in the limited partnership.[3]

### Discussion

Petitioner asserts that the Form 872-A extension agreements terminated by operation of law within a reasonable time after execution, and, therefore, assessment of the taxes for 1980 and 1981 is barred by the statute of limitations.[4]  Respondent

---

[3]All items in the notice of deficiency have been resolved in accordance with the Court's disposition of the issues in Krause v. Commissioner, 99 T.C. 132 (1992), affd. sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994), the test case in the Elektra/Hemisphere group of Tax Court cases.  See also Acierno v. Commissioner, T.C. Memo. 1997-441, affd. without published opinion 185 F.3d 861 (3d Cir. 1999); Karlsson v. Commissioner, T.C. Memo. 1997-432, and Vanderschraaf v. Commissioner, T.C. Memo. 1997-306, affd. without published opinion 211 F.3d 1276 (9th Cir. 2000), which also involved tax shelter limited partnerships and which resolved the issues in a manner consistent with Krause v. Commissioner, supra.

[4]Specifically, petitioner contends that the Form 872-A
(continued...)

contends that the period of limitations was extended by agreement and that neither respondent nor petitioner terminated the agreement before issuance of the notice of deficiency. We agree with respondent.

Section 6501(a) generally provides that taxes imposed by the Internal Revenue Code must be assessed within 3 years from the time that the return is filed. The notice of deficiency was not sent to petitioner within 3 years of his filing of either the return for 1980 or 1981. Thus, respondent's determinations will be time-barred, unless they fall within an exception to the general rule.

One exception is under section 6501(c)(4), which provides that the period for assessment may be extended by agreement, if such agreement is executed before the period of assessment has expired.[5] "Form 872-A plainly constitutes such an agreed-upon

---

[4](...continued)
should not extend the time to assess tax "to twelve years after [the] notice of deficiency [was issued] or sixteen years after the original signing of form 872A."

Petitioner is mistaken in his contentions about the extension of time provided by the Forms 872-A. The agreements to extend the time to assess terminated upon respondent's issuance of the notice of deficiency. Thus, the agreement to extend the time to assess the tax due for 1980 terminated less than 4 years after execution, and the agreement to extend the time to assess the tax due for 1981 terminated within 3 years of execution.

The period of limitations remained suspended after the mailing of the notice of deficiency by reason of sec. 6503. See also sec. 6213(a).

[5]Section 6501(c)(4), provides in relevant part:
(continued...)

extension as contemplated by the statute".  Stenclik v.
Commissioner, 907 F.2d 25, 27 (2d Cir. 1990), affg. T.C. Memo.
1989-516.

The Form 872-A extension, although of indefinite duration
when executed, by its terms provides specific procedures for its
termination.  In a Court-reviewed opinion, we held that extension
agreements that contain specific termination provisions do not
expire by operation of law after a reasonable time.  See Estate
of Camara v. Commissioner, 91 T.C. 957, 962 (1988) (issuance of
notices of deficiency terminated Form 872-A agreements executed
more than 5 years earlier).  Rather, such agreements terminate
only by the express provisions of the agreement.  See, e.g.,
Silverman v. Commissioner, 86 F.3d 260, 261-262 (1st Cir. 1996),
affg. 105 T.C. 157 (1995); Bilski v. Commissioner, 69 F.3d 64, 68
(5th Cir. 1995), affg. T.C. Memo. 1994-55; Feldman v.
Commissioner, 20 F.3d 1128, 1133 (11th Cir. 1994), affg. T.C.
Memo. 1993-17; St. John v. United States, 951 F.2d 232, 235 (9th
Cir. 1991); Stenclik v. Commissioner, supra at 28; Wall v.

---

[5](...continued)
    (4) Extension by agreement.--Where, before the
expiration of the time prescribed in this section for
the assessment of any tax imposed by this title * * *
both the Secretary and the taxpayer have consented in
writing to its assessment after such time, the tax may
be assessed at any time prior to the expiration of the
period agreed upon.  The period so agreed upon may be
extended by subsequent agreements in writing made
before the expiration of the period previously agreed
upon.

Commissioner, 875 F.2d 812, 813 (10th Cir. 1989); Mulder v. United States, 37 Fed. Cl. 60, 62 (1996), affd. without published opinion 132 F.3d 52 (Fed. Cir. 1997); Estate of Camara v. Commissioner, supra.

Finally, under the Form 872-A procedure, the length of the extension is irrelevant since it is necessarily acquiesced in by the taxpayer who does not file the Form 872-T to bring the extension period to a close. See Stenclik v. Commissioner, supra. In this case, it is undisputed that petitioner never sent a Form 872-T to respondent to terminate the agreement.

In accordance with the reasoning set forth in Estate of Camara v. Commissioner, supra, we hold that assessment of petitioner's taxes due for 1980 and 1981 is not barred by the statute of limitations.

To reflect the foregoing,

Decision will be entered for respondent.